454 A.2d 1109

**Janice A. RITTNER Executrix of the Estate of Ernest Rittner, Deceased, and Janice A. Rittner, Trustee ad Litem, Appellee,**

v.

**AETNA LIFE & CASUALTY INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 14, 1981.

Filed Dec. 30, 1982.

Petition for Allowance of Appeal
Denied Dec. 29, 1983.

Nancy J. Gellman, Philadelphia, for appellant.

Carol Nelson Shepherd, Philadelphia, for appellee.

Before McEWEN, JOHNSON and WATKINS, JJ.

JOHNSON, Judge:

Appellant insurance company [Aetna] appeals from that part of an order of the trial court which awards appellee [Mrs. Rittner] work loss benefits and interest at the statutory rate of 18%, under the Pennsylvania No-fault Motor Vehicle Insurance Act.[1] The trial court's decision was based on this court's decision in *Heffner v. Allstate Insurance Co.*, 265 Pa.Super. 181, 401 A.2d 1160 (1979), *aff'd*, 491 Pa. 447, 421 A.2d 629 (1980), which held that a widow was entitled to recover the work loss benefits which her husband would have recovered if he had been permanently injured in the motor vehicle accident which took his life.

Mr. Rittner was killed on December 20, 1978, when the car he was driving was struck by another. Our decision in *Heffner* was filed April 12, 1979. Mrs. Rittner's petition for

---

1. Act of July 19, 1974, P.L. 489, No. 176, Art. I *et seq.;* 40 P.S. § 1009.101 *et seq.* (Purdon Supp.1982).

No-fault benefits was filed on December 22, 1980. In that petition, counsel for Mrs. Rittner averred that reasonable proof of the fact and amount of loss was supplied to Aetna on or about February 1, 1979.[2] In her petition Mrs. Rittner sought payment of funeral expenses, survivor's loss, work loss, attorney's fees, interest and costs. Subsequently the claim for funeral expenses and survivor's loss was honored by Aetna. But Aetna denied the work loss benefits[3] on the ground that the decision in *Heffner* should not be applied retroactively. The trial court awarded the funeral expenses, survivor's loss benefits, work loss benefits and interest at the statutory rate of 18%, but denied the request for attorney's fees and costs.[4]

Aetna's argument in the consolidated appeal[5] is based on the assertion that *Heffner* should not be applied retroactively. We have this day decided, in *Baker v. Aetna Casualty & Surety Co.*, 309 Pa.Super. 81, 454 A.2d 1092 (1982), that our decision in *Heffner* should be applied retroactively. Mrs. Rittner is therefore entitled to recover work loss benefits as provided for by the No-fault Act and by her husband's insurance policy with Aetna.

The order of the trial court awarding work loss benefits together with interest at the rate of 18% is affirmed.[6]

2. Subsequently, further such proof was supplied to Aetna on or about January 16, 1981.

3. Mr. Rittner had paid an additional premium for "added loss benefits" which included a higher level of work loss benefits, above the statutory limit of $15,000.

4. *Rittner v. Aetna Life & Cas. Ins. Co.*, No. 3714 December Term 1980 (C.P. Philadelphia County, August 3, 1981).

5. This appeal was consolidated for oral argument with, *inter alia*, *Baker v. Aetna Casualty & Surety Co.*, 309 Pa.Super. 81, 454 A.2d 1092 (1982).

6. The question of the denial of attorney's fees was not raised before this court. At oral argument, and in a letter submitted to the court on December 22, 1981, counsel for both sides stipulated that the issue of attorney's fees was not raised in this appeal. We therefore do not reach this question.