454 A.2d 1106

Maria FREEMAN

v.

ALLSTATE INSURANCE COMPANY, Appellant.

Superior Court of Pennsylvania.

Argued Dec. 14, 1981.

Filed Dec. 30, 1982.

Petition for Allowance of Appeal
Denied Dec. 29, 1983.

Nancy J. Gellman, Philadelphia, for appellant.

Richard C. Angino, Harrisburg, for appellee.

Before McEWEN, JOHNSON and WATKINS, JJ.

JOHNSON, Judge:

This appeal is from an order awarding work loss benefits to appellee under the Pennsylvania No-fault Motor Vehicle Insurance Act [No-fault Act].[1] Appellee Mrs. Freeman's husband was injured in an automobile accident, and died as a result of the injuries two weeks later, on September 15, 1978. Mr. Freeman was an uninsured motorist. Allstate therefore was designated as the servicing insurer under the assigned claims plan of the No-fault Act, 40 P.S. § 1009.108. Allstate paid the funeral expenses, hospital expenses and

1. Act of July 19, 1974, P.L. 489, No. 176, Art. I *et seq.;* 40 P.S. § 1009.101 *et seq.* (Purdon Supp.1982).

survivor's loss benefits, but denied payment of work loss benefits. Mrs. Freeman accordingly filed a petition for payment of work loss benefits on November 6, 1980, a few weeks after the supreme court affirmed this court's decision, filed on April 12, 1979, that the widow of an accident victim was entitled to recover, under the No-fault Act, the work loss benefits which her husband would have received if he had been permanently injured in the accident. *Heffner v. Allstate Insurance Co.,* 265 Pa.Super. 181, 401 A.2d 1160 (1979), *aff'd,* 491 Pa. 447, 421 A.2d 629 (1980).

In its answer to Mrs. Freeman's petition Allstate simply denied liability. The court of common pleas however ordered Allstate to pay the work loss benefits, together with interest at the statutory rate of 18% per annum, *see* 40 P.S. 1009.106(a)(2). The court denied the petitioner's request for attorney's fees, which denial is not before us on appeal.

In its brief to this court Allstate argues that Mrs. Freeman was not entitled to work loss benefits because the *Heffner* decision is not to be applied retroactively, and also because in her individual capacity Mrs. Freeman is not entitled to work loss benefits since these benefits are the property of the decedent's estate.

As to the first argument, we have this day decided, in *Baker v. Aetna Casualty & Surety Co.,*[2] 309 Pa.Super. 81, 454 A.2d 1092 (1982), that the rule of *Heffner* is to be applied retroactively to cases not barred by the applicable statute of limitations.

As to Allstate's second argument, after a careful examination of the record and of the opinion and order of the court of common pleas, we are satisfied that this was raised for the first time in Allstate's brief to this court. Pennsylvania Rule of Appellate Procedure 302(a) provides that issues not raised in the lower court are waived and cannot be raised for the first time on appeal. Allstate therefore has waived the issue. However, were it not

---

2. The instant case was consolidated for oral argument with *Baker v. Aetna, supra,* and five other cases.

waived it would lack merit. The No-fault Act specifically intends the "compensation of the economic losses of the *survivors* of all individuals killed," 40 P.S. 1009.102(a)(3) (emphasis added), and defines "survivor" in part as the "spouse", 40 P.S. 1009.103. *Compare Freeze v. Donegal Mutual Insurance Co.,* 301 Pa.Super. 344, 447 A.2d 999 (1982), where this court en banc, HESTER, J., dissenting, declined to rule that recovery of work loss benefits under the No-fault Act should be limited to survivors, which ruling would have barred the right of the deceased victim's estate to recover work loss benefits.

The order of the lower court awarding work loss benefits and interest at the rate of 18% is affirmed.