454 A.2d 1102

**Lorraine A. KEATEN, Individually and as Administratrix of the Estate of Julia Iovino Eichler, a/k/a Julia Iovino, Deceased,**

v.

**AETNA LIFE & CASUALTY INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 14, 1981.

Filed Dec. 30, 1982.

Petition for Allowance of Appeal Denied Dec. 29, 1983.

102

Nancy J. Gellman, Philadelphia, for appellant.

John M. Hickey, Broomall, for appellee.

Before McEWEN, JOHNSON and WATKINS, JJ.

JOHNSON, Judge:

This is an appeal by the insurance company (Aetna) from an order in the trial court granting Aetna's motion to amend its answer and new matter, denying Aetna's motion for summary judgment, granting appellee Lorraine Keaten's motion for judgment on the pleadings, and entering judgment for Ms. Keaten for work loss benefits, interest at

the rate of 18%, and attorney's fees, pursuant to the Pennsylvania No-fault Motor Vehicle Insurance Act.[1]

Appellee, Ms. Keaten, is the daughter of an automobile accident victim, Julia Eichler, insured by Aetna, who died on October 20, 1977, as a result of the injuries she received in an accident which took place on October 13, 1977. Pursuant to Ms. Eichler's policy with Aetna, Aetna paid funeral expenses, survivor's loss benefits, and work loss benefits in the amount of $66.24 for the period from the date of the accident to the date of Ms. Eichler's death.

On April 12, 1979, this court decided, in *Heffner v. Allstate Insurance Co.*, 265 Pa.Super. 181, 401 A.2d 1160 (1979), *aff'd*, 491 Pa. 447, 421 A.2d 629 (1980), that the survivors of deceased accident victims could recover the work loss benefits to which they would be entitled if they were permanently disabled. On October 16, 1979, Ms. Keaten filed a complaint in assumpsit seeking the balance of the work loss benefits she claimed under the No-fault Act as interpreted in *Heffner*. Aetna's answer and new matter, filed February 14, 1980, denied liability for work loss benefits. On November 21, 1980, Ms. Keaten filed a motion for judgment on the pleadings citing the supreme court's decision affirming our decision in *Heffner*. Aetna accordingly filed a motion to amend its answer and new matter so as to assert as its affirmative defense that the rule of *Heffner* was not retroactive and therefore did not apply to a case such as this, where the victim died before this court's decision in *Heffner*. Aetna also filed a motion for summary judgment.

The trial court's order in response to these motions was based in part on the superior court's statement, in *Daniels v. State Farm Mutual Automobile Insurance Co.*, 283 Pa.Super. 336, 423 A.2d 1284 (1980), that the *Heffner* decision did not change the law but merely interpreted the

1. Act of July 19, 1974, P.L. 489, No. 176, Art. I *et seq;* 40 P.S. § 1009.101 *et seq.* (Purdon Supp.1982).

statute, and thus did not create a new right.[2] The trial court based its award of interest at 18% on the No-fault Act[3] and on a decision of the supreme court interpreting the applicable section.[4] The trial court awarded attorney's fees for the period of time starting when the *Daniels* decision was filed: "This court further finds that after December 27, 1980, the date the Superior Court's decision in *Daniels* was filed, [Aetna's] refusal to pay these work loss benefits was with absolutely no legal foundation and was totally unreasonable.... Consequently, plaintiff's counsel is entitled to counsel fees for work performed since December 29, 1980."[5]

■ We have this day determined, in *Baker v. Aetna Casualty & Surety Co.*,[6] 309 Pa.Super. 81, 454 A.2d 1092 (1982), that the decision in *Heffner* is indeed to be applied retroactively to all cases not barred by the applicable statute of limitations. The order of the trial court finding *Heffner* applicable and awarding work loss benefits and interest at 18% is therefore affirmed.

■ In *Baker* we upheld the trial court's determination awarding attorney's fees to the claimant, but vacated the amount of the award and remanded the case for a determi-

---

2. In *Daniels* this court stated:
   Ordinarily a decision announcing a change in the law will be applied to cases pending on direct appeal. *Linkletter v. Walker*, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965); *Commonwealth v. Williams*, 232 Pa.Super. 339, 331 A.2d 875 (1974). However, *Heffner* did not change the law; it rather decided an issue of statutory construction not previously decided by an appellate court. Such an interpretation of legislative intent is regarded as part of a statute from the time the statute was enacted. *Harry C. Erb, Inc. v. Shell Construction Co., Inc.*, 206 Pa.Super. 388, 213 A.2d 383 (1965); *Buradus v. General Cement Products*, 356 Pa. 349, 52 A.2d 205 (1947). Thus, our decision in *Heffner* did not create a new right to work loss benefits. That right existed all along.
   283 Pa.Super. at 343, 423 A.2d at 1288.

3. *See* 40 P.S. § 1009.106(a)(2).

4. *Hayes v. Erie Insurance Exchange*, 493 Pa. 150, 425 A.2d 419 (1981).

5. *Keaten v. Aetna Life & Casualty Ins. Co.*, No. 2382 October Term, 1979, slip op. at 4–5 (C.P. Philadelphia County, June 2, 1981).

6. This case and five others were consolidated for oral argument with *Baker v. Aetna, supra.*

nation of reasonable fees consistent with that opinion. We therefore affirm the order of the lower court awarding attorney's fees "in an amount yet to be determined", but vacate the lower court's finding that the actions of the defendant were unreasonable only after December 29, 1980, and remand for a reconsideration of appellee's request for attorney's fees, consistent with the views expressed in *Baker*. The trial court is directed further to determine the amount of reasonable attorney's fees due appellee as a result of Aetna's continuing denial of the claim and its prolongation of this action through appeal. Jurisdiction is not retained.