454 A.2d 1108

**Vivian GILES a/k/a Vivian V. Murray, Administratrix of the Estate of William T. Giles, Deceased,**

**v.**

**ALLSTATE INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 14, 1981.

Filed Dec. 30, 1982.

Petition for Allowance of Appeal
Denied Dec. 19, 1983.

Nancy J. Gellman, Philadelphia, for appellant.

Herbert H. Yaskin, Philadelphia, for appellee.

Before McEWEN, JOHNSON and WATKINS, JJ.

JOHNSON, Judge:

The appellant insurance company [Allstate] appeals from the order of the trial court which awarded payment to its insured, appellee Vivian Giles, of work loss benefits, together with interest at the rate of 18% per annum, pursuant to the Pennsylvania No-fault Motor Vehicle Insurance Act [1] [No-fault Act]. The order granted appellee Mrs. Giles'

1. Act of July 19, 1974, P.L. 489, No. 176, Art. I *et seq.;* 40 P.S. 1009.101 *et seq.* (Purdon Supp.1982).

petition for No-fault benefits which she had filed based on a claim following the death of her son, William T. Giles, who died as a result of an automobile accident which occurred on February 10, 1979, in Colorado, where he was stationed with the United States Army. Mrs. Giles filed her petition on August 8, 1980.

Allstate initially denied any liability,[2] but ultimately settled on the defense that its liability was limited to survivor's loss benefits because the decision in *Heffner v. Allstate Insurance Co.*, 265 Pa.Super. 181, 401 A.2d 1160 (1979), *aff'd*, 491 Pa. 447, 421 A.2d 629 (1980) [*Heffner*], that work loss benefits were to be paid to the survivors of deceased accident victims as well as to permanently disabled accident victims, did not apply retroactively.

The trial court, citing its memorandum opinion in another case[3], based its decision on the determination that *Heffner* should be given retroactive effect. It awarded interest at the rate of 18% based on the No-fault Act,[4] but denied the request by appellee for attorney's fees.

We have this day decided, in *Baker v. Aetna Casualty & Surety Co.*, 309 Pa.Super. 81, 454 A.2d 1092 (1982),[5] that the rule of the retroactivity of judicial decisions interpreting statutes should be applied to *Heffner*. Mrs. Giles is therefore entitled to the work loss benefits she claimed from Allstate, together with interest at the rate of 18%, to be calculated thirty days from when Allstate received reasonable proof of the fact and amount of No-fault Act losses incurred by Mrs. Giles by reason of the death of her son.

**2.** The initial grounds for denial was that Mrs. Giles' policy with Allstate did not provide security for her son.

**3.** *I.e., Duross v. Aetna Life & Casualty Insurance Co.*, No. 1327, December Term, 1980 (C.P. Philadelphia, July 27, 1981).

**4.** *See* 40 P.S. § 1009.106(a)(2).

**5.** The within appeal was consolidated for oral argument with six other cases, including *Baker v. Aetna, supra*. In addition to the appellant brief filed by Allstate, this court also received a brief filed by the Insurance Federation of Pennsylvania as amicus curiae.

The order of the trial court awarding work loss benefits and interest is affirmed.[6]

6. At oral argument and by letter to this court dated December 22, 1981, counsel for both sides stipulated that the issue of attorney's fees was not raised in this appeal.