454 A.2d 1105

**Hester Faye THOMAS,**

v.

**AETNA CASUALTY & SURETY COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 14, 1981.

Filed Dec. 30, 1982.

Petition for Allowance of Appeal
Denied Dec. 29, 1983.

Nancy J. Gellman, Philadelphia, for appellant.

Peter T. Campana, Williamsport, for appellee.

Before McEWEN, JOHNSON and WATKINS, JJ.

JOHNSON, Judge:

This is an appeal by the insurance company [Aetna] from the order of the trial court denying Aetna's exceptions to its order entering judgment for Hester Faye Thomas for work loss benefits and interest at the rate of 18% under the Pennsylvania No-fault Motor Vehicle Insurance Act.[1]

Mrs. Thomas' husband was killed in an automobile accident on August 20, 1978. At the time of the accident the decedent was insured under a contract with Aetna. In response to Mrs. Thomas' claim under this insurance contract, Aetna took the position that Mrs. Thomas was entitled, as a survivor, to survivor's loss and funeral expenses only, and not to work loss benefits. It therefore refused to pay any work loss benefits.

---

1. Act of July 19, 1974, P.L. 489, No. 176, Art. I *et seq.;* 40 P.S. § 1009.101 *et seq.* (Purdon Supp.1982).

In April, 1979, this court ruled that the survivor of a deceased motor vehicle accident victim could recover, under the No-fault Act, the work loss benefits which would be recoverable were the victim permanently disabled. *Heffner v. Allstate Insurance Co.*, 265 Pa.Super. 181, 401 A.2d 1160 (1979), *aff'd*, 491 Pa. 447, 421 A.2d 629 (1980). Shortly thereafter, Mrs. Thomas filed suit in assumpsit requesting the work loss benefits to which she was entitled. Aetna filed preliminary objections, stating that the No-fault Act did not provide for work loss benefits for the survivors of deceased victims, and citing three common pleas decisions to the effect that the No-fault Act compensates surviving rather than deceased victims as far as work loss benefits are concerned. In a brief in support of its preliminary objections, Aetna explained that it thought the common pleas court decisions in its favor were the proper interpretation of the No-fault Act, rather than this court's decision in *Heffner*. The trial court overruled the preliminary objections. By agreement of counsel, in March, 1980, further action on the case was suspended pending the decision of the supreme court in the *Heffner* case. Following that court's decision affirming the superior court's decision in *Heffner*, Aetna petitioned, in January 1981, to amend its answer to Mrs. Thomas' complaint so as to raise the defense that the *Heffner* decisions were not to be applied retroactively, and therefore that Aetna was still not liable for work loss benefits in this case. Aetna also filed a motion for summary judgment based on the contention that *Heffner* did not apply to motor vehicle accident victims killed before the *Heffner* decisions, and that, therefore, Mrs. Thomas was entitled neither to work loss benefits nor to the attorney's fees she requested under section 1009.-107(3) of the No-fault Act.

The trial court denied the motion with respect to the issue of the retroactivity of *Heffner*, and granted the motion with respect to the claim for attorney's fees.

We have this day ruled that the *Heffner* decision is retroactive. *See Baker v. Aetna Casualty & Surety Co.*,

309 Pa.Super. 81, 454 A.2d 1092 (1982).[2] Accordingly, the order of the trial court, which found the decision in *Heffner* applicable to this case, and which denied Aetna's exceptions to the court's denial of summary judgment in Aetna's favor, is affirmed.[3]

**2.** The instant case was consolidated for oral argument with, *inter alia, Baker v. Aetna, supra.*

**3.** At oral argument, and in a letter submitted to the court on December 22, 1981, counsel for both sides stipulated that the issue of attorney's fees was not raised in this appeal. We therefore do not reach this question.