467 A.2d 1164

**Hermine E. TANNER, Administratrix of the Estate of Alicia Marie Tanner, Deceased and Hermine E. Tanner, Willie Tanner and Gloria Tanner**

v.

**ALLSTATE INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued May 18, 1983.

Filed Nov. 4, 1983.

Alexander Kerr, Philadelphia, for appellant.

George J. O'Neill, Philadelphia, for appellees.

Before HESTER, BROSKY and BECK, JJ.

BECK, Judge:

This appeal arises from a denial of Allstate Insurance Company's motion to amend its pleadings in an action initiated by Hermine E. Tanner *et al.* for benefits under the Pennsylvania No-Fault Motor Vehicle Insurance Act. For the reasons that follow, we modify the lower court's order in order to allow one of the requested amendments.

Alicia M. Tanner died in an automobile accident on March 14, 1977, in which her parents Hermine and Willie Tanner, and her sister Gloria Tanner were also injured. The Tanners' insurance carrier, Allstate, paid $5,785.70 to the estate of Alicia for funeral, medical and hospital expenses. The last payment with respect to Alicia was made on May 5, 1978.

More than two years after this last payment, on June 24, 1980, an action was initiated by Hermine E. Tanner as administratrix of the estate of Alicia, and Hermine E. Tanner, Willie Tanner and Gloria Tanner individually, for work loss benefits, survivors' benefits, attorney fees, interest, and punitive damages against Allstate. Allstate filed an answer and new matter denying liability on August 19, 1980. A reply from the Tanners followed on August 22, 1980.

On February 3, 1981, a little less than six months after filing the initial answer and new matter, Allstate filed a motion to amend its pleadings. The motion states that after the original answer had been filed, the Supreme Court

issued on September 22, 1980 its decision in *Allstate Insurance Company v. Heffner*, 491 Pa. 447, 421 A.2d 629 (1980), affirming this Court in *Heffner v. Allstate Insurance Company*, 265 Pa.Super. 181, 401 A.2d 1160 (1979). *Heffner* allowed both work loss benefits and survivors' benefits to survivors of a person fatally injured in an automobile accident. Allstate wished to amend its pleadings to assert certain defenses not presented in its original answer or new matter. Specifically, Allstate wanted to include the following in its amended pleadings:

(1) The *Heffner* decisions are not retroactive and do not apply to the instant case in which the plaintiff died before these decisions were filed.

(2) The Tanners are not survivors within the meaning of 40 Pa.S. § 1009.103 and are therefore not entitled to No-Fault basic loss benefits.

(3) Allstate acted reasonably with respect to the Tanners' claims, and therefore the Tanners are not entitled to eighteen per cent interest as a penalty, nor to an award of attorney fees.

(4) The Tanners' claim is barred by the applicable statute of limitations.

The trial court denied Allstate's motion.[1] The sole issue before this Court is whether Allstate should have been furnished an opportunity to file an amended pleading.

Pa.R.C.P. 1033 states:

1. In denying the motion, the lower court explained that the question of the retroactivity of *Heffner* had already been decided in *Daniels v. State Farm Mutual Automobile Insurance Co.*, 283 Pa.Super. 336, 423 A.2d 1284 (1980). *Daniels* held that *Heffner* did not create a new right to work loss benefits, but settled an issue of statutory construction so as to clarify a right that existed all along. In this the lower court was correct. However, the lower court did not address the second and fourth of the above listed proposed amendments, and it erred in stating that Allstate had withdrawn its proposed motion to deny liability for attorney fees. In fact, Allstate withdrew only that portion of the proposed amendment relating to interest on the claim. See lower court opinion at 1–2; reply memorandum in support of motion to amend answer and new matter, R. 114a (footnote); appellant's brief at 7 (note 5). Allstate withdrew the denial of liability for eighteen percent interest on the claim following *Hayes v. Erie Insur-*

A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted.

█ The decision to permit an amendment to pleadings is a matter of judicial discretion. We find that in the instant case the denial of the motion to amend was an abuse of discretion as applied to the defense of the statute of limitations.

█ The policy of Pennsylvania courts is that amendments to pleadings should be liberally allowed in order to secure a determination of cases on their merits, except in those instances where surprise or prejudice to the other party would result, or where the proposed amendment is against a positive rule of law. *Posternack v. American Casualty Company of Reading*, 421 Pa. 21, 218 A.2d 350 (1966); *Gregg v. Gacon Construction Company*, 249 Pa. Super. 377, 378 A.2d 344 (1977); *Sands v. Forrest*, 290 Pa.Super. 48, 434 A.2d 122 (1981); *Puleo v. Broad Street Hospital*, 267 Pa.Super. 581, 407 A.2d 394 (1979); *Connor v. Allegheny General Hospital*, 501 Pa. 306, 461 A.2d 600 (1983).

The meaning of prejudice and surprise in the context of Rule 1033 amendments to pleadings has been developed in a number of opinions. In *Bata v. Central-Penn National Bank of Philadelphia*, 448 Pa. 355, 293 A.2d 343 (1972), cert. denied 409 U.S. 1108, 93 S.Ct. 910, 34 L.Ed.2d 689 (1973) (allowing an amendment to a complaint after the trial court's decree was entered) the Court wrote:

> *ance Exchange*, 493 Pa. 150, 425 A.2d 419 (1981) which held that interest was owed regardless of the good faith of the insurer or the reasonableness of the delay.

All amendments have this in common: they are offered *later in time* than the pleading which they seek to amend. If the amendment contains allegations which would have been allowed inclusion in the original pleading (the usual case), then the question of prejudice is presented by the *time* at which it is offered rather than by the substance of what is offered. The possible prejudice, in other words, must stem from the fact that the new allegations are offered *late* rather than in the original pleading, and not from the fact that the opponent may lose his case on the merits if the pleading is allowed.... (448 Pa. at 380, 293 A.2d at 357) (Emphasis in original; footnote omitted).

In *Sands v. Forrest, supra,* our Court explained that prejudice must be something more than a detriment to the other party, for to make an advantage operate as a bar to amendment would be "to destroy the right to amend except in cases when the moving party would have no reason to amend" (290 Pa.Super. at 53, 434 A.2d at 125, quoting *Cellutron Products Corp. v. Stewart,* 223 Pa.Super. 391, 394, 300 A.2d 900, 901–902 [1972]).

■ Allstate's motion to amend was filed within six months after the original complaint was filed, about four months after the decision by the Supreme Court in *Heffner,* and before the instant case was listed for trial. The Tanners do not show that they have suffered prejudice or surprise by this lapse of time; i.e. they do not argue that they were lulled into inactivity by Allstate's assertion of these defenses subsequent to the filing of the original answer rather than immediately. See *Posternack, supra.* We conclude that there was no reason to deny the motion on the grounds of prejudice or surprise.

■ In addition to the standard of prejudice or surprise, the law is also well established that a proposed amendment may be denied when it is against a positive rule of law. If the proposed amendment is against a positive rule of law, its allowance would be futile. It would cause delay and

waste the resources of the court and the opposing party in having to defend against the proposed amendment. *Otto v. American Mutual Insurance Company,* 482 Pa. 202, 393 A.2d 450 (1978); *Associates of Philipsburg v. Hurwitz,* 292 Pa.Super. 406, 437 A.2d 447 (1981); *Chapman v. City of Philadelphia,* 291 Pa.Super. 281, 434 A.2d 753 (1981).

When Allstate filed its appellate brief, there were seven cases pending before this Court which addressed issues arising from the *Heffner* decision, including its retroactivity and the award of attorney fees. Decisions in these cases have now been filed, and are binding in the instant case. In *Baker v. Aetna Casualty & Surety Company,* 309 Pa.Super. 81, 454 A.2d 1092 (1982) [2] we reiterated the principle of *Daniels v. State Farm Mutual Automobile Insurance Co.,* 283 Pa.Super. 336, 423 A.2d 1284 (1980), and held that *Heffner* was a case of statutory construction, not new law. It was applicable, therefore, in cases where the cause of action accrued before *Heffner* but the complaint was filed after *Heffner,* providing the claim was not barred by the applicable statute of limitations.

██ *Heffner* is retroactive, *Baker, supra;* therefore any amendment challenging its retroactivity is futile and will be denied. Instantly the cause of action arose prior to *Heffner* (Alicia's death occurred in 1977) and the Tanners' complaint was filed in June 1980, after our Court decided *Heffner,* although prior to its affirmance by the Supreme Court. We conclude that the issue of retroactivity has been determined and Allstate cannot raise the question again. There is no reason to allow an amendment to plead this issue because the matter is now against a positive rule of law.

**2.** The other *Heffner* progeny, decided at the same time as *Baker* and relating to retroactivity and attorney fees are: *Shomper v. Aetna Life & Casualty Company,* 309 Pa.Super. 97, 454 A.2d 1101 (1982); *Keaten v. Aetna Life & Casualty Insurance Company,* 309 Pa.Super. 101, 454 A.2d 1102 (1982); *Thomas v. Aetna Casualty & Surety Company,* 309 Pa.Super. 105, 454 A.2d 1105 (1982); *Freeman v. Allstate Insurance Company,* 309 Pa.Super. 108, 454 A.2d 1106 (1982); *Giles v. Allstate Insurance Company,* 309 Pa.Super. 111, 454 A.2d 1108 (1982); *Rittner v. Aetna Life & Casualty Insurance Company,* 309 Pa.Super. 114, 454 A.2d 1109 (1982).

■ The question of whether the Tanners are survivors within the meaning of § 1009.103 has also been decided since Allstate filed its motion to amend. This amendment is now also against a positive rule of law and must be denied. Allstate relied on *Midboe v. State Farm Mutual Automobile Insurance Company*, 495 Pa. 348, 433 A.2d 1342 (1981) where a divided Supreme Court held that a child, parent, brother or sister, as well as any other relative, must establish economic dependency on the deceased to qualify as a survivor under the No-Fault Act. Subsequently, however, our Court decided *Chesler v. Government Employees Insurance Company*, 302 Pa.Super. 356, 448 A.2d 1080 (1982). Taking note that *Midboe* was decided by a three to three vote of the Supreme Court and therefore carried no weight as precedent, an *en banc* panel of this Court held that a child, parent, brother or sister did not have to establish economic dependency on the deceased in order to qualify as a survivor (although any other relative would have to prove economic dependency).[3] For the same reason as in the question of *Heffner's* applicability, we deny the motion to amend on the question of qualification as survivors.

We turn now to the last of Allstate's proposed amendments, i.e. the defense of the applicable statute of limitations. As noted above, *Baker, supra,* held that *Heffner* was applicable retroactively "provided that the claim was not barred by the applicable statute of limitations" (309 Pa.Superior Ct. at 91, 454 A.2d at 1097). See also *Keaten v. Aetna Life and Casualty Company*, 309 Pa.Super. 101, 454 A.2d 1102 (1982); *Thomas v. Aetna Casualty Surety Company*, 309 Pa.Super. 105, 454 A.2d 1105 (1982).

■ The statute of limitations is an affirmative defense which must be specifically pleaded or the defense is waived. Pa.R.C.P. 1030, 1032; *Fudula v. Keystone Wire and Iron Works, Inc.*, 283 Pa.Super. 502, 424 A.2d 921 (1981);

3. *Chesler* was decided by a 6–1 vote. J. Hester dissented on the grounds that the suit was instituted by the estate of the deceased, not on the issue of whether a parent must prove economic dependency.

*Hughes v. Pron,* 286 Pa.Super. 419, 429 A.2d 9 (1981); *Thompson v. Cortese,* 41 Pa.Commw. 174, 398 A.2d 1079 (1979); *Thompson v. Southeastern Pennsylvania Transportation Authority,* 280 Pa.Super. 193, 421 A.2d 471 (1980).

The broad and basic standard as to whether to allow an amendment to plead the statute of limitations is found in *Hughes v. Pron, supra.* The *Hughes* Court noted that the lower court's denial of the motion to amend the Answer on the ground that the statute of limitations defense would have been of no merit was error. The Court wrote that "Such amendments should be liberally allowed except where surprise or prejudice to the other party will result or where the amendment is against a positive rule of law" (286 Pa.Super. at 425, 429 A.2d at 12).

Two recent cases decided prior to *Hughes v. Pron* denied defendants' motions to amend to plead the statute of limitations. They are distinguishable from the instant appeal. In *Commonwealth v. Pennsylvania Department of Transportation v. Bethlehem Steel Corporation,* 486 Pa. 186, 404 A.2d 692 (1979) the Court noted that the motion to amend was filed three years after the original Complaint. In *Hightower v. Bekins Van Lines Co.,* 267 Pa.Super. 588, 407 A.2d 397 (1978), reargument denied (1979) the motion came two years and five months after the original Answer. From these two cases we can conclude that long unexplained delay between the original pleading and the motion to amend will be considered as a factor in deciding whether to permit the amendment. In the instant case, the appellant filed the motion to amend in timely manner, and therefore *Bethlehem Steel* and *Hightower* are not controlling.

In addition to Pennsylvania law, federal law provides guidance on this issue. *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), a decision joined by seven members of the Supreme Court, established the guidelines for subsequent decisions in the federal courts. *Foman v. Davis* upheld the principle that leave to amend pleadings under Federal Rule of Civil Procedure 15(a) should be freely

given. "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." 371 U.S. 182, 83 S.Ct. 230, 9 L.Ed.2d 225–6, quoting *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80, 86. Therefore, *Foman v. Davis* ruled, leave to amend should be granted in the absence of any apparent or declared reason, such as undue delay, bad faith or dilatory motive on the movant's part, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment. *Foman v. Davis* went on to hold that "outright refusal to grant the leave [to amend] *without any justifying reason appearing for the denial* is not an exercise of discretion; it is merely an abuse of that discretion and inconsistent with the spirit of the Federal Rules" (371 U.S. at 182, 83 S.Ct. at 230, 9 L.Ed.2d at 226) (emphasis added).

Subsequent to *Foman*, allowing amendment to plead the statute of limitations became regular practise. *Groninger v. Davison*, 364 F.2d 638 (8th Cir.1966) allowed a statute of limitations defense to be added to pleadings after the pretrial conference had taken place. *Wyshak v. City National Bank*, 607 F.2d 824 (9th Cir.1979) held that such an amendment should be allowed so long as the limitations rule, if applicable, would be effective at the outset of the plaintiff's suit. For the same reason, *Eastridge v. Fruehauf Corp.*, 52 F.R.D. 129 (D.C.Ky.1971) allowed the defense to amend because the plaintiff was not thereby exposed to any additional problems, nor any new risks, that he did not have at the outset of the proceedings. See also *Bireline v. Seagondollar*, 567 F.2d 260 (4th Cir.1977) (plaintiff unsuccessfully appealed from lower court's allowing the defendant to amend to aver the statute of limitations in 42 U.S.C. § 1983 civil rights action, resulting in summary judgment for the defendant); and *American Air Filter, Inc. v. Industrial Decking and Roofing Corp.*, 82 F.R.D. 681 (E.D.Tenn.1979)

(defendant allowed to amend to plead statute of limitations although defendant had failed to raise this defense in the first answer and the first amendment to the answer).

Turning to the instant case, we take note that the lower court's denial of Allstate's motion to amend discusses only the first of four proposed amendments (the retroactivity of *Heffner*) and gives no reason at all for denying the motion to amend in order to aver the statute of limitations. Applying the rationale of *Foman v. Davis,* this would constitute sufficient reason to find abuse of discretion in the denial by the lower court. We also find Allstate's motion was timely filed. Taking timeliness, absence of prejudice, and absence of explanatory reasons by the lower court into consideration, we conclude that the denial of the motion was improper.

We here decide only the question of whether Allstate should be allowed to amend its answer and new matter and we hold that it should be allowed to amend as to the statute of limitations in order to plead this affirmative defense. We therefore do not reach the several substantive objections that the Tanners raise to the statute of limitations defense. The issue is not the validity of the statute of limitations as an affirmative defense, but whether Allstate should be allowed to plead it. See *John McShain Inc. v. Cessna Aircraft Company,* 243 Pa.Super. 220, 364 A.2d 951 (1976) (error to refuse to allow amendment to plead collateral estoppel when the other action had not yet resulted in a final judgment).

Finally, we address the proposed amendment denying liability for attorneys' fees, for which the Tanners make a claim in their complaint. 40 Pa.S. § 1009.107(3) provides:

If, in any action by a claimant to recover no-fault benefits from an obligor, the court determines that the obligor has denied the claim or any significant part thereof without reasonable foundation, the court may award the claimant's attorney a reasonable fee based upon actual time expended.

*Baker* held that where the liability of insurance companies has been determined by an appellate court's construction of the No-Fault Act, and the insurance company subsequently denies liability, the claimant shall be awarded reasonable fees as provided by § 1009.107. The *Baker* Court found lack of reasonable foundation for the denial of the claim, and consequently liability for attorneys' fees, from the date of the Supreme Court decision in *Heffner,* i.e. September 22, 1980. If, therefore, Allstate's statute of limitations defense is found invalid, Allstate will incur liability for attorneys' fees on the basis of the *Baker* holding, and an amendment to deny liability would be a futile exercise. If, on the other hand, the statute of limitations defense is found meritorious, the Tanners will have no claim against Allstate, and the defense against award of attorneys' fees becomes irrelevant.

Accordingly, the order of the lower court denying Allstate's motion with prejudice is modified in order to allow Allstate to plead the defense of the statute of limitations. The case is remanded for proceedings not inconsistent with this opinion. Jurisdiction is relinquished.