472 A.2d 708

**Cecelia LOGAN, Appellant,**

v.

**Patricia STELMACH.**

Superior Court of Pennsylvania.

Submitted Oct. 3, 1983.

Filed March 9, 1984.

David F. Binder, Philadelphia, for appellant.

John J. Hart, Sellersville, for appellee.

Before SPAETH, President Judge, and HESTER and LIPEZ, JJ.

LIPEZ, Judge:

Plaintiff in this negligence action obtained a judgment for $22,500. Plaintiff has taken this appeal, requesting a new trial on damages only on the grounds that: (1) the verdict was inadequate; (2) the amount of the verdict was against the weight of the evidence; and (3) the court below erred by instructing the jury not to consider income tax consequences in their verdict. Because we agree with plaintiff's third contention, we vacate the judgment and grant a new trial on damages only, and there is no need to consider the first two issues.

Defendant's only point for charge was granted by the trial judge, who instructed the jury in these words: "The award to the Plaintiff will not be subject to Federal Income Taxes and you should neither add nor subtract taxes in fixing the amount of the award." In *Gradel v. Inouye*, 491

Pa. 534, 421 A.2d 674 (1980), Justice Kauffman's opinion for a unanimous court stated:

> The Superior Court further held that the trial court erroneously refused appellee's request to instruct the jury that an award would not be subject to federal income tax. We disagree.

> The law of Pennsylvania plainly is that income tax consequences should not be considered by the jury. In *Girard Trust Corn Exchange Bank v. Philadelphia Transportation Co.*, 410 Pa. 530, 538, 190 A.2d 293, 298 (1963), we noted:

>> The majority rule in the United States is that in fixing damages for the determination of decedent's earning capacity, the income tax consequences of the matter should not be taken into consideration .... This, in our opinion, is based upon sound legal reasoning and is now advanced as the rule to be followed in Pennsylvania.

> Income tax as it relates to damages should be mentioned neither in argument nor in jury instructions. The trial court correctly refused appellee's request.

*Id.*, 491 Pa. at 546–47, 421 A.2d at 680.

Defendant contends that because the Supreme Court's decision in *Gradel v. Inouye, supra,* did not come down until after the trial in this case, the instruction to the jury was in accord with the law at the time of trial. Defendant argues that the law at the time of trial was to be determined by the plurality opinion announcing the judgment of this court in *Gradel v. Inouye,* 252 Pa.Super.Ct. 392, 410–12, 381 A.2d 975, 984–85 (1977). That opinion discussed four issues, agreeing with the lower court on the first issue, but disagreeing on the second, third and fourth issues. Each of the last three issues appears to provide an independent basis for reversal, in the view of two-member plurality. It was the fourth issue which involved the jury instruction on taxability of the award.

■ Defendant points out that the three dissenting judges of this court stated only that they dissented on the

second issue. 252 Pa.Super.Ct. at 413, 381 A.2d at 985. Defendant argues that because the three dissenting judges did not explicitly disagree with the plurality on the fourth issue, it must be inferred that they agreed with the plurality. Adding the votes of the three dissenting judges to those of the two-member plurality, defendant asserts that there was at least a five-member majority for the proposition that it was error to refuse to instruct the jury on the non-taxability of the award. However, if the three dissenters had agreed with the plurality on this issue, they should have joined in the grant of a new trial, and their votes would have indicated their concurrence with this result. Since there was no such indication, the dissenters' omission of any reference to the issue cannot be construed as agreement with the position of the plurality opinion. Since the majority of the participating judges did not take this position, no binding precedent was created. *Commonwealth v. Davenport*, 462 Pa. 543, 559 n. 3, 342 A.2d 67, 75 n. 3 (1975).

■ Defendant also argues that if the trial judge's instruction was error, it was harmless. In support of this contention, defendant adopts the following reasoning from the opinion of the court below:

> The error then, if any, was in mentioning the subject at all. We note that Mr. Justice Kauffman in *Gradel* now states that the subject as it relates to damages "... should not be mentioned either in argument or in jury instructions." In our view, although we now know that the subject should not be mentioned in jury instructions, because we told the jury that it should "neither add nor subtract taxes", we do not perceive that our statement as to the law necessitates a new trial.

In informing the jury that they should "neither add nor subtract taxes," the instruction of the court below did not differ from the instruction to the jury in *Gradel:* "If you make an award to plaintiff, the award will not be subject to Federal Income Taxes and you should neither add nor subtract taxes in fixing the amount of any award." 252

Pa.Super.Ct. at 410, 381 A.2d at 984. In both *Gradel* and this case, the instruction not to add or subtract taxes is obviously intended to tell the jury how the immediately preceding phrase, "the award will not be subject to Federal Income Taxes," should be applied in computing the award. Thus, telling the jury they "should neither add nor subtract taxes" reinforces the error, rather than rendering it harmless.

■ Finally, defendant maintains that the Supreme Court's decision in *Gradel* should not be applied "retroactively", since it changed the law. From the portion of the unanimous Supreme Court opinion in *Gradel* dealing with this issue, which we have quoted above in full, it is clear that the Supreme Court did not believe it was stating a new rule, but simply the inevitable consequence of the decision seventeen years earlier in *Girard Trust Corn Exchange Bank v. Philadelphia Transportation Co., supra.* Since none of defendant's arguments has merit, we must reverse.

Order reversed, and a new trial on damages only is granted. Jurisdiction is relinquished.

SPAETH, President Judge, files concurring statement.

SPAETH, President Judge, concurring:

While I concur in the result reached by the majority, I write separately because my analysis is somewhat different.

I agree that the Supreme Court's language in *Gradel* indicates that the Court did not consider that it was changing the law, and that its decision must therefore be applied retroactively—not only prospectively. *See also Gradel v. Inouye*, 252 Pa.Super. 392, 412, 381 A.2d 975, 985 (1977) (in holding that trial court erred in refusing jury instruction, plurality stated, "However, in view of the fact that this ruling is a departure from previous practice, it should not be regarded as mandatory in any cases tried before this date."). Given that the Supreme Court's decision in *Gradel* is to be applied retroactively, it doesn't matter, and I

therefore find it unnecessary to consider, whether this court's decision in *Gradel* was a plurality or a majority decision.

I also agree that the jury instruction was not harmless error, but again, my analysis is somewhat different. The first part of the instruction—that the award would not be subject to federal income taxes—was clearly prejudicial in that it may have given the jury the idea of reducing the award because appellant would not be taxed on it. I don't agree, however, that the second part of the instruction— that taxes should be neither added nor subtracted—reinforced the error. Majority Op. at 183–185. It seems to me that to some extent it undid the prejudice that resulted from the first part of the instruction: in effect, it told the jury that if the first part of the instruction had given the jury the idea of reducing the award, the jury should put that idea out of its mind. However, to extirpate an idea once it has been planted may be very difficult, and the teaching of *Gradel* is that the second part of the instruction was not sufficient to overcome the prejudice that resulted from the first part.

I agree that appellant is entitled to a new trial on the issue of damages.