476 A.2d 1357

**CYNTHIA H., Appellant,**

v.

**MILTON M.**

Superior Court of Pennsylvania.

Argued Oct. 20, 1983.

Filed June 1, 1984.

334

Joseph C. Mansfield, Philadelphia, for appellant.

Gary M. Rose, Philadelphia, for appellee.

Before McEWEN, BECK and HOFFMAN, JJ.

BECK, Judge:

This is a paternity and support action. Appellant Cynthia H. appeals from the February 19, 1982 Order of the Court of Common Pleas, Philadelphia County, Family Court Division, denying her petition for reconsideration of the court's December 11, 1981 Order dismissing her complaint on the ground that the statute of limitations on her claim had run. On appeal, she contends that appellee Milton M. waived the right to plead the statute of limitations defense by his delay of nearly two years in filing an answer raising the defense and by his other actions during that time period. We disagree and therefore affirm.

 The facts in this case are uncomplicated. Appellant gave birth to a child, Margaret H., on March 15, 1973. Appellant did not seek a legal determination of Margaret's paternity until December 11, 1979, when appellant filed her complaint for support in the instant case, naming appellee as the father. Because appellee did not acknowledge pater-

nity or voluntarily contribute to Margaret's support, the limitations period applicable to this action is a six-year period commencing on the date of the child's birth.[1] The statute had therefore run nearly nine months prior to the filing of the complaint.

Appellee did not immediately file any responsive pleading to the complaint, but on March 20, 1980, he appeared and denied paternity. On June 26, 1980, while represented by counsel, appellee entered into a blood test stipulation with appellant. The stipulation provided that HLA blood studies would be conducted, with appellee and the county to split the costs initially. If the tests excluded appellee, the action was to be withdrawn and appellee reimbursed for his share of the costs; but if appellee was not excluded, he was to reimburse the county for its share of the costs and the test results were to be admitted into evidence.[2] The case was then continued three times at appellee's request. The first continuance was to obtain counsel, and the others to obtain appellant's hospital records. Only on October 23, 1981, did appellee file an answer with new matter including the affirmative defense of the statute of limitations. The court took the case under advisement, and the orders discussed above dismissing appellant's complaint were entered. In finding appellant's complaint barred by the statute of limitations, the court held that appellee's entering into the HLA stipulation, requesting continuances, and long-delayed filing of his answer did not constitute a waiver of the statute.

The issue before us therefore is whether the lower court correctly concluded that appellee had not waived his right to raise the bar of the statute of limitations. We note at the outset that appellee's untimely answer did not expressly violate the Rules of Civil Procedure applicable to

---

1. 42 Pa.C.S. § 6704(b). This provision was enacted in 1978. Although the two-year criminal limitation period in effect at the time of Margaret's birth had already run before its repeal, this civil action is properly governed by the new six-year statute. *Williams v. Wolfe,* 297 Pa.Super. 270, 443 A.2d 831 (1982).

2. The test results did not exclude appellee; the probability of paternity was estimated at approximately 88 percent.

support actions. Pa.R.C.P. 1910.7(a) provides that in support actions, no responsive pleading is required of the defendant.[3] Support actions are not governed by Pa.R.C.P. 1030, requiring the defense of the statute of limitations to be raised in a responsive pleading under "New Matter," or by Rule 1026, requiring responsive pleadings to be filed within 20 days after service of the complaint. The defendant is, of course, permitted to plead to the complaint if he so chooses. *See* Explanatory Note, Pa.R.C.P. 1910.7. The Note also recommends that "[a] defendant who wishes ... to raise the statute of limitations in paternity cases should do so as promptly as possible." However, this gloss on Rule 1910.7 must be read in light of Rule 126, which provides:

> The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

Even where the applicable Rules of Civil Procedure specify when and how the statute of limitations defense is to be raised, our courts have held that "a lower court will not be reversed either for waiving or refusing to waive noncompliance with procedural rules in the absence of showing of an abuse of discretion which has caused manifest and palpable injury to the complaining party." *Gagliardi v. Lynn*, 446 Pa. 144, 151, 285 A.2d 109, 112 (1971), quoting *Templeton Appeal*, 399 Pa. 10, 16, 159 A.2d 725, 729 (1960). The *Gagliardi* Court, which based its holding on Pa.R.C.P. 126, applied this reasoning to permit the filing of an answer raising the statute of limitations defense more than a year after the filing of the complaint. Quoting the lower court's opinion, the Supreme Court noted that the plaintiff was not prejudiced by the late filing because "timely notice could not have altered his position. The statute of limitations had

---

**3.** This rule, although adopted in 1981, is applicable to actions pending at the time of adoption. *See* Pa.R.C.P. 52.

run prior to the commencement of the action." 446 Pa. at 151, 285 A.2d at 112.

A related question was recently decided by this Court in *Tanner v. Allstate Insurance Co.*, 321 Pa.Super. 132, 467 A.2d 1164 (1983). *Tanner* involved a motion by the defendant to amend its answer to include the statute of limitations defense. In holding that the lower court had abused its discretion in denying the motion to amend, we stated that "such amendments should be liberally allowed except where surprise or prejudice to the other party will result." 321 Pa.Super. at 142, 467 A.2d at 1169, quoting *Hughes v. Pron*, 286 Pa.Super. 419, 425, 429 A.2d 9, 12 (1981).

We hold that *Gagliardi* and *Tanner* are controlling in the instant case. It is especially appropriate for the decision whether to allow the late pleading to rest within the sound exercise of the trial court's discretion in paternity and support actions, where there are no mechanical rules or stated time limits to place a party on notice that his pleading was out of order or that he has waived the right to assert certain defenses.

We therefore find that the trial court did not abuse its discretion in allowing appellee to raise the bar of the statute of limitations as a defense. In so holding, we recognize that the impact of our decision is that appellant loses a case in which she may have been successful if it were not time-barred. However, this is not the kind of prejudice which warrants disallowing the delayed pleading. "Prejudice" here is not mere detriment to the other party's case but rather prejudice arising specifically from the the *delay* in pleading the limitations defense. *Tanner, supra,* 321 Pa.Superior Ct. at 138, 467 A.2d at 1167. Appellant had failed to show that she was in any way prejudiced by the delay in the filing of appellee's answer. Based on uncontroverted facts, the six-year statute of limitations had already run prior to the filing of the complaint. Therefore, the trial court properly dismissed appellant's complaint.

Order affirmed.