486 A.2d 469

**Patricia FAIRBANKS, Appellant,**

**v.**

**TRAVELERS INSURANCE COMPANY, and Southeastern Pennsylvania Transportation Authority.**

Superior Court of Pennsylvania.

Argued Sept. 4, 1984.

Filed Dec. 28, 1984.

Claire Newman, Philadelphia, for appellant.

Steven B. Kantrowitz, Philadelphia, for Travelers Ins., appellee.

John F. Smith, III, Philadelphia, for SEPTA, appellee.

Before CIRILLO, OLSZEWSKI and MONTGOMERY, JJ.

CIRILLO, Judge:

 We decide today that *Modesta v. Southeastern Pennsylvania Transportation Authority*, 503 Pa. 437, 469 A.2d 1019 (1983), is retroactive. Self-insurers under the Pennsylvania No-Fault Motor Vehicle Insurance Act[1] must therefore pay uninsured motorist benefits to persons whose causes of action against them arose before *Modesta* was decided, provided that suit on those causes of action is not barred by the statute of limitations.

Appellant Patricia Fairbanks was a passenger on a bus owned by appellee Southeastern Pennsylvania Transportation Authority (hereafter "SEPTA") when it was struck by an uninsured motorist. She had no applicable insurance, because she did not own nor reside with anyone who owned a motor vehicle. SEPTA paid her basic loss benefits, which it is required to do as a self-insurer under the No-Fault Act.[2] Appellant's claim was then assigned to appellee Travelers Insurance Company (hereafter "Travelers") pursuant to the Assigned Claims Plan (hereafter "the Plan") of the No-Fault Act.[3]

Appellant sought uninsured motorist benefits from SEPTA and Travelers. Both denied her claim. She then sought a declaratory judgment to determine which of appellees was liable to her for these benefits. Both appellees filed preliminary objections, which were denied. SEPTA moved for reconsideration of its preliminary objections; the court granted the motion for reconsideration and SEPTA's preliminary objections.

After appellant filed her notice of appeal, the Supreme Court of Pennsylvania decided *Modesta, supra,* in which it overruled *Johnson v. Yellow Cab Co. of Philadelphia*, 456 Pa. 256, 317 A.2d 245 (1974), and held that the No-Fault Act

---

1. Act of July 19, 1974, P.L. 489, No. 176, *as amended* 40 P.S. § 1009.101–.701 (hereafter "the No-Fault Act"). The No-Fault Act has been replaced by the Motor Vehicle Financial Responsibility Law, Act of February 12, 1984, P.L. ——, No. 11, *as amended by* Act of February 12, 1984, P.L. ——, No. 12, effective October 1, 1984.

2. 40 P.S. § 1009.104. *See infra* for discussion of Section 1009.104.

3. 40 P.S. § 1009.108.

requires self-insurers to provide coverage for claims under the Uninsured Motorist statute.[4] The question presented is thus whether *Modesta* should be applied retroactively.[5]

 In deciding the applicability of *Modesta* to the instant case we are mindful that "[a]t common law, an overruling decision is normally retroactive." *August v. Stasak,* 492 Pa. 550, 554, 424 A.2d 1328, 1330 (1981). Before holding a decision to be prospective only, the courts

> have generally considered three separate factors. First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied ... or by deciding an issue of first impression whose resolution was not clearly foreshadowed.... Second, it has been stressed that "we must ... weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." ... Finally, [the courts] have weighed the inequity imposed by retroactive application, for "[w]here a decision ... could produce substantial inequitable results if applied retroactively, there is ample basis in [the case-law] for avoiding the 'injustice or hardship' by a holding of nonretroactivity."

*Chevron Oil Co. v. Huson,* 404 U.S. 97, 106–07, 92 S.Ct. 349, 358, 30 L.Ed.2d 296, 306 (1971) (citations omitted). In Pennsylvania, decisions changing the law are usually applied to cases pending on appeal. If such decisions rely upon statutory interpretations, they relate back to the date the particular statute became effective, because they merely interpret existing legislation. *McCloskey v. W.C.A.B.,*

4. Act of August 14, 1963, P.L. 909, § 1, *as amended by* Act of December 19, 1968, P.L. 1254, No. 397, *as amended,* 40 P.S. § 2000 (hereafter "Section 2000").

5. The parties originally presented the question of a self-insurer's duty to provide uninsured motorist coverage. The issue of *Modesta*'s retroactivity arose at oral argument, and we granted the parties time to brief this issue.

501 Pa. 93, 98 n. 3, 460 A.2d 237, 239 n. 3 (1983); *see also Logan v. Stelmach,* 325 Pa.Super. 181, 472 A.2d 708 (1984).

*Baker v. Aetna Casualty and Surety Co.,* 309 Pa.Super. 81, 454 A.2d 1092 (1983), is analogous to the instant case. There, plaintiff's husband died after a motor vehicle accident. Plaintiff sought work-loss benefits under the No-Fault Act, but the decedent's insurer denied her claim. We held that plaintiff was entitled to the benefits because of *Heffner v. Allstate Insurance Co.,* 265 Pa.Super. 181, 401 A.2d 1160 (1979), *aff'd.* 491 Pa. 447, 421 A.2d 629 (1980). *Baker,* 309 Pa.Super. at 90, 454 A.2d at 1097. In *Heffner,* our Supreme Court held that the surviving spouse of an insured killed in a motor vehicle accident could recover the insured's work-loss benefits as if the insured had survived with a permanent disability and recovered them himself. *Heffner,* 491 Pa. at 459–460, 421 A.2d at 645–46.

*Baker* held *Heffner* to be retroactive because the recovery of lost wages by a survivor was not unknown in law. *Baker,* 309 Pa.Super. at 89, 454 A.2d at 1096. Accordingly, *Heffner* had created no new right of action nor change in the law; the insurance industry's expectation that insurers would not have to pay work-loss benefits of deceased insureds was therefore unreasonable. *Id. Heffner* was retroactive to causes of action which, as was the case in *Baker,* arose before it was decided, unless recovery was barred by the statute of limitations. *Baker,* 309 Pa.Super. at 91, 454 A.2d at 1097.[6] *See also Fox v. State Farm Mutual Automobile Insurance Co.,* 322 Pa.Super. 96, 469 A.2d 199 (1983); *Tanner v. Allstate Insurance Co.,* 321 Pa.Super. 132, 467 A.2d 1164 (1983); *Rittner v. Aetna Life & Casualty Insurance Co.,* 309 Pa.Super. 114, 454 A.2d 1109 (1982); *Freeman v. Allstate Insurance Co.,* 309 Pa. Super. 108, 454 A.2d 1106 (1982); *Thomas v. Aetna Casual-*

---

**6.** In *Antanovich v. Allstate Insurance Co.,* 320 Pa.Super. 322, 467 A.2d 345 (1983), *petition for allowance of appeal granted* (1984), the Superior Court *en banc* overruled the panel's decision in *Baker* to the extent that it allowed post-mortem work-loss benefits to be paid in monthly installments rather than one lump sum. *Antanovich,* 320 Pa.Super. at 340, 467 A.2d at 355. *See also Urland v. State Farm Mutual Automobile Insurance Co.,* 324 Pa.Super. 241, 471 A.2d 554 (1984).

*ty & Surety Co.,* 309 Pa.Super. 105, 454 A.2d 1105 (1982); and *Keaten v. Aetna Life & Casualty Insurance Co.,* 309 Pa.Super. 101, 454 A.2d 1102 (1982).

The *Baker* rationale applies to the instant case. In *Modesta, supra,* plaintiff was injured when the self-insured bus in which she was riding was struck by an uninsured motorist. Plaintiff sued in equity, seeking, *inter alia,* uninsured motorist benefits. In holding that self-insurers must provide uninsured motorist benefits under the No-Fault Act, the Supreme Court in *Modesta* focused on the purpose and language of the motor vehicle insurance laws.

First, the *Modesta* Court noted the holding of *Johnson v. Yellow Cab, supra,* that Section 2000's requirement of uninsured motorist coverage applied only to insurance contracts. *Modesta,* 503 Pa. at 439, 469 A.2d at 1021, citing *Johnson, supra,* 456 Pa. at 259, 317 A.2d at 247. The Court then stressed Section 2000's express purpose of compensating persons injured by the negligence of uninsured motorists: the section must be broadly and liberally construed to fulfill this purpose. *Modesta,* 503 Pa. at 439, 469 A.2d at 1021. Given this purpose, *Johnson* 's holding was too narrow and that decision had to be overruled. *Id.*

■ The *Modesta* Court then stated that self-insurance does not change Section 2000's purpose, but merely relieves the insured of paying premiums to an insurer. *Id.,* 503 Pa. at 441, 469 A.2d at 1022. The No-Fault Act itself gives notice to self-insurers that they must reserve funds sufficient to pay claims for uninsured motorist benefits:

> **Self-insurance.**—Self-insurance, subject to approval of the commissioner and department, is effected by filing with the department in satisfactory form:
>
> (1) a continuing undertaking by the owner or other appropriate person to pay basic restoration benefits *and any tort liability required* in amounts not less than those required, by subsection (a) of this section, to perform *all obligations imposed in accordance with this act,* and to elect to pay such added restoration benefits as are specified in the undertaking;

(2) evidence that appropriate provision exists for prompt and efficient administration of *all* claims, benefits, and obligations provided in accordance with this act; and

(3) evidence that reliable financial arrangements, deposits, resources, or commitments exist providing assurance *substantially equivalent* to that afforded by a contract of insurance complying with this act for payment of no-fault benefits, *any required tort liability*, and performance of *all other obligations* imposed in accordance with this act.

40 P.S. § 1009.104(b) (emphases added), quoted in part in *Modesta,* 503 Pa. at 443–46, 469 A.2d at 1023–24. The Insurance Commissioner's approval of self-insurance is "simply a substitute for the policy of insurance"; either approval of self-insurance or a policy

indicate[s] that the vehicle owner intends to comply with the mandatory insurance law, and both indicate that there is security in at least the amounts required by statute covering the vehicle.

*Modesta,* 503 Pa. at 445, 469 A.2d at 1024. This required security, with which self-insurance must be "substantially equivalent," includes uninsured motorist coverage as required of policies by Section 2000 and Insurance Department regulations. *Id.,* 503 Pa. at 445 n. 7, 469 A.2d at 1024 n. 7, citing 31 Pa.Code § 66.11. Thus, self-insurance must include uninsured motorist coverage; a contrary holding would mean that self-insurers, despite the terms of Section 1009.104(b), could provide less coverage than that mandated for motor vehicle insurance policies. *Modesta,* 503 Pa. at 445 n. 7, 469 A.2d at 1024 n. 7.

In *Modesta,* the Supreme Court held that Section 2000 and the No-Fault Act and its regulations require self-insurers to provide uninsured motorist coverage. Examination of the language of the No-Fault Act reveals that this holding was not unforeshadowed, since Section 1009.104(b) states that self-insurers must "perform all obligations imposed" by the No-Fault Act and provide coverage "substan-

tially equivalent" to that of express policies, which must provide uninsured motorist protection. Decisions interpreting statutes are retroactive to the date of the statute's effectiveness. *McCloskey, Logan, Heffner* and *Baker, supra.*

We conclude that *Modesta* is retroactive, and that a self-insurer must provide uninsured motorist benefits where the claim for them arose before *Modesta* was decided, unless recovery on the claim is barred by the statute of limitations.[7]

The order of the Court of Common Pleas granting appellee SEPTA's preliminary objections is reversed.

Order reversed and remanded for trial. Jurisdiction is relinquished.

---

7. We note that our Supreme Court has held that obligors under the Assigned Claims Plan must provide uninsured motorist coverage as well as basic loss benefits. *Tubner v. State Farm Mutual Automobile Insurance Co.,* 496 Pa. 215, 436 A.2d 621 (1981). However, this duty arises when the injured party has no applicable insurance from which to recover uninsured motorist benefits. *Id.,* 496 Pa. at 220, 436 A.2d at 623. Given the Court's statement in *Modesta* that self-insurance is a substitute for the traditional policy, *Tubner* does not affect our decision in the instant case.