484 A.2d 148

Concetta GALLO

v.

**YAMAHA MOTOR CORPORATION, U.S.A., Bruce Ott, Steven J. Polansky and Pocono West, Inc., a Pennsylvania Corporation,**

**and**

**Yamulla Trucking, Inc. and Yamulla Enterprises, Inc., t/a Lake Harmony Estates.**

**Appeal of YAMULLA TRUCKING, INC. and Yamulla Enterprises, Inc., t/a Lake Harmony Estates.**

Superior Court of Pennsylvania.

Argued Aug. 23, 1984.

Filed Nov. 9, 1984.

312

Robert E. Simpson, Jr., Easton, for appellants.

James C. Hogan, Easton, for appellees.

Before CIRILLO, OLSZEWSKI and BECK, JJ.

OLSZEWSKI, Judge:

This appeal follows denial of appellants' motion to amend their answer in an action initiated by Concetta Gallo. For the reasons below, we vacate the order and remand the case to allow the requested amendment.

Concetta Gallo suffered injuries in a collision involving a snowmobile on which she was a passenger. She sued

Yamaha Motor Corporation, U.S.A. (hereinafter "Yamaha") as distributor of the snowmobile, Bruce Ott as owner and operator of the snowmobile, and Steven J. Polansky as owner and operator of an automobile with which the snowmobile collided, and Pocono West, Inc., the purported owner of the road on which the accident occurred.[1] On May 15, 1980, original defendant Yamaha filed a complaint joining appellants as additional defendants. Yamaha alleged that the accident resulted from appellants' failure to maintain and inspect the private road where the accident occurred and/or to give proper warning to the users of the road. Appellants filed an answer and new matter on or about January 15, 1981.

In January of 1983 appellants filed a motion to amend the pleadings to reflect the applicability of the Recreation Use of Land and Water Act, Act of February 2, 1966, P.L. (1965) 1860, 68 P.S. §§ 477–1, *et seq.*[2] That statute, in pertinent part, provides: "... an owner of land owes no duty of care to keep the premises safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure, or activity on such premises to persons entering for such purposes." 68 P.S. § 477–3.

The trial court denied appellants' motion to amend. On appeal, we face a single issue: should the lower court have granted appellants leave to amend their pleadings?

Under Pa.R.C.P. 1033, "A party either by filed consent of the adverse party or by leave of court, may at any time ... amend his pleading." The decision to permit an amendment to pleadings is committed to the sound discretion of the trial judge. That discretion however is not unfettered. Our courts have established as parameter a policy that amendments to pleadings will be liberally allowed to secure a determination of cases on their merits. *Tanner v. Allstate Insurance Co.*, 321 Pa.Super. 132, 137, 467 A.2d 1164, 1167 (1983) (and cases cited therein).

1. By stipulation of counsel, Pocono West, Inc. was dropped as party defendant.

2. Appellants also requested addition of the defense of statute of limitations. At argument, appellants abandoned that claim.

Appellee contends allowance of amendment will prejudice her cause. The extent of this putative prejudice is unclear. In her brief, appellee argues prejudice on the grounds that (1) she has entered into a joint tortfeasor's release with Polansky, one of the original defendants; and (2) the discovery process is virtually complete. At argument, counsel for appellee, referring to pp. 14–15 of appellee's brief, withdrew the first claim of prejudice. What remains reduces to an argument that the passage of time should bar appellants' attempt to amend the pleadings. While a court may disallow amendment where prejudice to the other party would result, the facts of this case do not give rise to a showing of prejudice sufficient to bar amendment. Our courts have, in a number of opinions, developed the concept of prejudice under Rule 1033. As the Court explained in *Bata v. Central Penn National Bank of Philadelphia*, 448 Pa. 355, 293 A.2d 343 (1972), cert. denied 409 U.S. 1108, 93 S.Ct. 910, 34 L.Ed.2d 689 (1973) (allowing an amendment to a complaint after the trial court's decree was entered):

All amendments have this in common: they are offered *later in time* than the pleading which they seek to amend. If the amendment contains allegations which would have allowed inclusion in the original pleading (the usual case), then the question of prejudice is presented by *time* at which it is offered rather than by the substance of what is offered. The possible prejudice, in other words, must stem from the fact that the new allegations are offered *late* rather than in the original pleading, and not from the fact that the opponent may lose his case on the merits if the pleading is allowed . . . .

448 Pa. at 380, 293 A.2d at 357 (emphasis in original; footnote omitted).

We have carefully reviewed the briefs and the record. Consonant with the policy favoring liberal allowance of amendment, we conclude the lower court erred in denying appellants' motion to amend.

Order vacated and case remanded for proceedings consistent with this opinion.

Jurisdiction is relinquished.