## Wetklow v. Pine Ridge Community Association

C.P. of Pike County, no. 1344-1995.

*John B. Dunn,* for plaintiffs.
*Irwin Schneider,* for defendant Pine Ridge Community Association.
*Myles McAliney,* for additional defendants Ernest A. Wetklow Jr., Nancy A. Wetklow and Philip Deliberto.

THOMSON, *P.J.,* January 9, 1997—The defendant Pine Ridge Community Association has filed a petition for leave of court to amend new matter. This case stems from a tragic accident during which two young brothers were killed. The two boys were sledding on a road in the Pine Ridge development when they were struck by a pickup truck. On February 14, 1996, the plaintiffs filed a complaint. On March 11, 1996, the defendant Pine Ridge Community Association filed its answer and new matter.

On October 8, 1996, the defendant filed the petition at issue. The defendant requests leave of court to amend its new matter to include the Recreation Use of Land and Water Act, 68 Pa.C.S. §477-1 et seq., as a defense.

After the submission of briefs and oral argument, this matter is ripe for adjudication.

## DISCUSSION

Under 42 Pa.R.C.P. 1033, "[a] party, either by filed consent of the adverse party or by leave of court, may at any time . . . amend his pleading." The rules of civil procedure "shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding. . . . The court at every stage of any action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties." 42 Pa.R.C.P. 126.

"The rule in the Commonwealth is that amendments to pleadings should be liberally [permitted]." *Noll by Noll v. Harrisburg Area YMCA,* 537 Pa. 274, 280, 643 A.2d 81, 84 (1994) (other citations omitted). However, amendments to pleadings will not be permitted where "(1) the amendment will surprise or prejudice the opposing party, or (2) the amendment is against a positive rule of law." *City of Philadelphia v. Spencer,* 139 Pa. Commw. 574, 577, 591 A.2d 5, 7 (1991), citing *Stouffer v. Commonwealth,* 127 Pa. Commw. 610, 612, 562 A.2d 922, 923 (1989).

"Allowance of an amendment that is against a positive rule of law would be futile and would 'cause delay and waste the resources of the court and the opposing party in having to defend against the proposed amendment.' " *Noll, supra* at 280, 643 A.2d at 84, quoting *Tanner v. Allstate Insurance Co.,* 321 Pa. Super. 132, 138-39, 467 A.2d 1164, 1167 (1983). Therefore, in order to decide whether to permit the Pine Ridge Community Association to amend its answer and new matter, we must first determine whether the Recreation Use of Land and Water Act presents a viable defense.

The purpose of the Recreation Use of Land and Water Act is stated in 68 Pa.C.S. §477-1, as follows:

"The purpose of this Act is to encourage owners of land to make land and water areas available to the public for recreational purposes by limiting their liability towards persons entering thereon for such purposes."

It is clear that sledding falls under the definition of recreational purposes found in the Act.[1] See *Musloe v. Penn State University,* 44 D.&C.3d 667, 670 (1987). The issue is whether the paved roads in a private community development are land which comes under the ambit of the RULWA.

The RULWA defines "land" as "land, roads, water, watercourses, private ways and buildings, structures and machinery or equipment when attached to the realty." 68 Pa.C.S. §477-2(1). The Pennsylvania Supreme Court has, on various occasions, clarified the Act's definition of land. See *Lory v. City of Philadelphia,* 544 Pa. 38, 674 A.2d 673 (1996); *Mills v. Commonwealth,* 534 Pa. 519, 633 A.2d 1115 (1993); *Walsh v. City of Philadelphia,* 526 Pa. 227, 585 A.2d 445 (1991); *DER v. Auresto,* 511 Pa. 73, 511 A.2d 815 (1986); *Rivera v. Philadelphia Theological Seminary,* 510 Pa. 1, 507 A.2d 1 (1986). While the above cases offer guidance as to the applicability of the RULWA, they do not address the specific factual issue before this court.

We find guidance from two Superior Court cases, each of which stems from the same collision between a snowmobile and an automobile on a road owned by a private community development in the Poconos.

---

1. Section 477-2(3) of the RULWA states that recreational purpose "includes, but is not limited to, any of the following, or any combination thereof: hunting, fishing, swimming, boating, camping, picnicking, hiking, pleasure driving, nature study, water skiing, water sports, cave exploration and viewing or enjoying historical, archaeological, scenic, or scientific sites."

See *Gallo v. Yamaha Motor Corp., U.S.A.,* 335 Pa. Super. 311, 484 A.2d 148 (1984) *[Gallo I]* and *Gallo v. Yamaha Motor Corp., U.S.A.,* 363 Pa. Super. 308, 526 A.2d 359 (1987) *[Gallo II].* While these two cases predate most of the above Supreme Court cases, they have never been specifically overruled.

In *Gallo I,* the Superior Court reversed the trial court's denial of the defendant's motion to amend its new matter to include the defense of the RULWA. *Gallo I, supra* at 314, 484 A.2d at 150. The Superior Court in *Gallo I* reasoned that the combination of a lack of prejudice and the policy of liberal construction of the rules of civil procedure warranted the allowance of the amendment. *Id.* In allowing the amendment, the court implicitly found that the defense would not be futile as against a positive rule of law.

In *Gallo II,* the Superior Court found that under the facts of its case, the RULWA was indeed a viable defense. The *Gallo II* court ruled that the trial court erred by refusing to instruct the jury on the applicability of the RULWA. *Gallo II, supra* at 317, 526 A.2d at 364. The court stated that, "[a]lthough the accident in this case occurred on a paved road in a residential development, the Act applies to more than pristine woodlands. The definition of 'land' in section 2 of the Act includes such improvements as 'roads . . ., private ways and buildings, structures and machinery or equipment when attached to the realty.' . . . Ms. Gallo's accident, moreover, occurred outdoors on what the evidence suggests was a large tract of land. Lake Harmony's development in the Poconos is far removed from the indoor swimming facility that the [Supreme] [C]ourt considered in *Rivera.*" *Id.* at 318, 526 A.2d at 364. (citation omitted)

Given the precedent of the *Gallo* opinions, and the law of amendatory pleading, we will permit the defendant to amend its answer and new matter to include the RULWA. While we are allowing the defendant to

amend its pleading, we voice no opinion on the merits of its defense claim under the RULWA.

### ORDER

And now, January 9, 1997, upon consideration of the defendant Pine Ridge Community Association's petition for leave of court to amend new matter, briefs filed thereto and argument held thereon, defendant's petition is hereby granted.

Accordingly, defendant Pine Ridge Community Association is hereby granted leave to include the defense of the RULWA in an amended answer and new matter to be filed within 20 days of entry of this order.

