**Sarah E. Newman Revocable Trust v.
B.E. Newman Inc.**

*Timothy C. Leventry,* for plaintiff.
*Jeffrey W. Stover,* for defendant.

KISTLER, *J.,* December 11, 2009—Presently before this court is The Sarah E. Newman Revocable Trust's motion for leave of court to file an amended complaint. A hearing on this motion occurred on November 12, 2009. At this hearing, Trust asked the court for leave to

file an amended complaint which would add a cause of action based on a "confession of judgment clause" contained in paragraph 15.3 of the lease agreement. B.E. Newman Inc. has filed an answer to trust's motion as well as a new matter. Both in the new matter and at the hearing on this motion, Newman Inc. argues that allowing Trust to amend its pleading will merely result in a petition to open judgment based on the meritorious defenses already raised, essentially bringing the action back to where it began prior to this motion. For the following reasons, Trust's motion for leave of court to file an amended complaint is Granted.

## DISCUSSION

Trust seeks to amend the pleadings to include a cause of action based on a "confession of judgment clause" contained in paragraph 15.3 of the lease agreement. This clause states the following:

"If rent and/or any charges hereby reserved as rent shall remain unpaid on any day when the same ought to be paid, lessee hereby empowers any prothonotary, clerk of court or attorney of any court of record to appear for lessee in any and all actions which may be brought for rent and/or the charges, payments, costs and expenses reserved as rent and/or the charges, payments, costs and expenses reserved as rent, or agreed to be paid by the lessee and/or to sign for lessee an agreement for entering in any competent court an amicable action or actions for the recovery of rent or other charges, payments, costs and expenses, and in said suits or in said amicable action or actions to confess judgment against lesseee for all or any part of the rent specified in this lease and then unpaid including, at lessor's option, the rent for the entire un-

expired balance of the term of this lease, and/or other charges, payments, costs and expenses reserved as rent or agreed to be paid by the lessee, and for interest and costs together with attorney's commission of 10 percent. Such authority shalt not be exhausted by one exercise thereof, but judgment may be confessed as aforesaid from time to time as often as any of said rent and/or other charges, payments, costs and expenses, reserved as rent shall fall due or be in arrears, and such powers may be exercised as well after the expiration of the original term and/or during any extension or renewal of this lease."

Rule 1033 of the Pennsylvania Rules of Civil Procedure permits a party to amend its complaint either by filed consent of the adverse party or by leave of court. The rule also provides that "[t]he amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense" and also allows amendment "to conform the pleading to the evidence offered or admitted." Pa.R.C.P. 1033.

Leave to amend pleadings is to be liberally granted. *Stalsitz v. Allentown Hospital,* 814 A.2d 766, 776 (Pa. Super. 2002), *appeal denied,* 578 Pa. 717, 854 A.2d 968 (2004). "It is well-established in this jurisdiction that amendments to pleadings are a matter of judicial discretion and should be liberally allowed except where surprise or prejudice will result or where the amendment is against a positive rule of law." *Pastore v. Anjo Construction Co.,* 396 Pa. Super. 58, 68, 578 A.2d 21, 26 (1990). (citation omitted) A party is to be given leave to amend its pleadings when allowing the amendment will not

unduly prejudice or surprise the adverse party. *Somerset Community Hospistal v. Allan B. Mitchell & Associates Inc.,* 454 Pa. Super. 188, 199, 685 A.2d 141, 147 (1996). Undue prejudice has been defined as something more than a detriment to the other party, as any amendment would likely have the effect of harming the adverse party's interests. The policy underlying this rule of liberal leave to amend is to insure that parties get to have their cases decided on the substantive case presented, and not on legal formalities. *Laursen v. General Hospital of Monroe County,* 494 Pa. 238, 243, 431 A.2d 237, 240 (1981); *Gallo v. Yamaha Motor Corporation, U.S.A.,* 335 Pa. Super. 311, 314, 484 A.2d 148, 150 (1984).

Newman Inc. argues in his new matter that the effect of granting Trust's motion to amend will only work to needlessly increase and prolong the litigation in this matter as Newman Inc will be forced to file a petition to open judgment based on the meritorious defenses it has already raised. While this may be true, it does not change the fact that this court is bound to decide the instant motion based on the aforementioned "undue prejudice and surprise" test discussed in the case law above. Upon review of Newman Inc.'s answer and argument at the time of the hearing, this court determines that Newman Inc. has failed to allege any undue prejudice or surprise which would require this court to deny Trust's motion. Therefore, this court is constrained to grant Trust's motion for leave of court to file an amended complaint.

## ORDER

And now, December 11, 2009, motion for leave of court to file an amended complaint is granted.