**ERIE INSURANCE EXCHANGE,**
**Appellee**

v.

**Matthew CONLEY, Appellant.**

Superior Court of Pennsylvania.

Argued March 30, 2011.

Filed July 27, 2011.

Mark E. Milsop, Pittsburgh, for appellant.

Amy M. Kirkham, Pittsburgh, for appellee.

BEFORE: PANELLA, SHOGAN and COLVILLE *, JJ.

OPINION BY COLVILLE, J.:

This is an appeal from an order which granted Appellee's motion for judgment on the pleadings. We affirm.

* Retired Senior Judge assigned to the Superior Court.

The background underlying this matter can be summarized in the following manner. Appellee is an insurance provider. It issued an auto insurance policy to Appellant. Appellant elected to pay for underinsured motorist ("UIM") and uninsured motorist ("UM") coverage. Appellee filed a declaratory judgment action in which it named Appellant as the defendant. Appellee made the following relevant averments in its complaint.

Appellant made a claim for UIM coverage with Appellee. Appellant was involved in an accident that occurred on October 9, 2008. On that date, Appellant was working for Olander Tree and Landscaping when he allegedly suffered personal injuries as a result of being struck by a 1993 F350 dump truck owned and operated by his employer, Frank Olander. Appellant is receiving workers' compensation benefits from his employer as a result of the injuries he sustained in the accident. Appellant is legally precluded from seeking damages from his employer by the Pennsylvania Workers' Compensation Act. "Under the policy, in order to claim UIM benefits for damages or personal injuries from a motor vehicle accident, the insured must be 'legally entitled to recover from the owner or operator of the underinsured motor vehicle.'" Complaint, 11/18/09, at ¶ 13 (citation omitted). Appellant is precluded from recovering UIM benefits under the policy because he is not legally entitled to recover damages from the owner and/or operator of the underinsured motor vehicle, Frank Olander.

Appellee sought an order declaring that it has no duty to tender UIM benefits to Appellant. Appellant filed an answer and counterclaim. In the counterclaim, Appellant maintained that he is entitled to UM or UIM coverage. After the parties submitted all of their pleadings, Appellee filed a motion for judgment on the pleadings, which the trial court granted. The court declared that Appellee is not required to provide to Appellant UIM or UM coverage. Appellant filed a notice of appeal.

In his brief to this Court, Appellant asks us to consider the following question:

> Whether or not a person injured by his employer's negligent operation of a motor vehicle should be entitled to recover [UM or UIM] benefits where he can establish a prima facie case against the negligent driver but the insurer seeks to deny benefits based upon an allegation that the injured person is not legally entitled to recover from the negligent driver?

Appellant's Brief at 3.

 We begin by noting our scope and standard of review.

As our Supreme Court has explained, appellate review of a trial court's decision to grant or deny judgment on the pleadings is limited to determining whether the trial court committed an error of law or whether there were facts presented which warrant a jury trial. In conducting this review, we look only to the pleadings and any documents properly attached thereto. Judgment on the pleadings is proper only where the pleadings evidence that there are no material facts in dispute such that a trial by jury would be unnecessary.

> In passing on a challenge to the sustaining of a motion for judgment on the pleadings, our standard of review is limited. We must accept as true all well pleaded statements of fact of the party against whom the motion is granted and consider against him only those facts that he specifically admits. We will affirm the grant of such a motion only when the moving party's right to succeed is certain and the case is so free from doubt that the

trial would clearly be a fruitless exercise.

*John T. Gallaher Timber Transfer v. Hamilton,* 932 A.2d 963, 967 (Pa.Super.2007) (citations omitted).

■ The issue Appellant raises requires this Court to interpret an insurance policy. We accomplish such a task in the following manner:

> The task of interpreting [an insurance] contract is generally performed by a court rather than by a jury. The purpose of that task is to ascertain the intent of the parties as manifested by the terms used in the written insurance policy. When the language of the policy is clear and unambiguous, a court is required to give effect to that language. When a provision in a policy is ambiguous, however, the policy is to be construed in favor of the insured to further the contract's prime purpose of indemnification and against the insurer, as the insurer drafts the policy, and controls coverage. Contractual language is ambiguous if it is reasonably susceptible of different constructions and capable of being understood in more than one sense. Finally, [i]n determining what the parties intended by their contract, the law must look to what they clearly expressed. Courts in interpreting a contract, do not assume that its language was chosen carelessly. Thus, we will not consider merely individual terms utilized in the insurance contract, but the entire insurance provision to ascertain the intent of the parties.

In other words, [g]enerally, courts must give plain meaning to a clear and unambiguous contract provision unless to do so would be contrary to a clearly expressed public policy.

*Government Employees Ins. Co. v. Ayers,* 955 A.2d 1025, 1028–29 (Pa.Super.2008) (citations and quotation marks omitted).

■ The focal point of this appeal is the following policy language:

**OUR PROMISE**

If [UM] Coverage is indicated on the "Declarations," "we" will pay damages for bodily injury that the **law entitles** "anyone we protect" or the legal representative of "anyone we protect" to recover from the owner or operator of an "uninsured motor vehicle." If [UIM] Coverage is indicated on the "Declarations," "we" will pay damages for bodily injury that the **law entitles** "anyone we protect" or the legal representative of "anyone we protect" to recover from the owner or operator of an "underinsured motor vehicle."

Complaint, 11/18/09, Exhibit C, at 2 (emphasis added).

The issue in this case centers on the "law entitles" language employed in the policy. Pursuant to the clear and unambiguous language of the policy, we conclude that, in order for Appellant to be eligible to receive UM or UIM coverage under the policy, the law must entitle him to recover damages for bodily injuries from the owner or operator of an uninsured or underinsured motor vehicle, *i.e.,* from his employer, Frank Olander.

Appellant's brief fails to indicate how the law entitles him to recover damages from Mr. Olander. Moreover, Appellant admits that he is receiving workers' compensation benefits from Mr. Olander because of the injuries he sustained in the October 9, 2008, accident. Answer and Counterclaim, 01/22/10, at ¶ 11. Consequently, the Workers' Compensation Act precludes Appellant from recovering damages from Mr. Olander. *See* 77 P.S. § 481(a) ("The liability of an employer under this act shall be exclusive and in place

of any and all other liability to such employees, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in section 301(c)(1) and (2) or occupational disease as defined in section 108."). Thus, pursuant to the plain language of the policy, Appellant is not required to provide to Appellant UM or UIM coverage. We conclude that the trial court did not err by granting Appellee's motion for judgment on the pleadings.

Order affirmed.