J-A29024-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CAMERON BOBBETT AND DENA BOBBETT, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| ALFONSO A. FOSCO AND JUDITH L. FOSCO, | : | |
| | : | |
| | : | |
| Appellees | : | No. 320 WDA 2014 |

Appeal from the Order Entered January 23, 2014,
in the Court of Common Pleas of Allegheny County,
Civil Division at No(s):  GD 12-02-021868

BEFORE:  FORD ELLIOTT, P.J.E., ALLEN and STRASSBURGER,* JJ.

DISSENTING MEMORANDUM BY STRASSBURGER, J.:  **DECEMBER 03, 2014**

I respectfully dissent.

In my view, Appellants' multiple causes of action are based upon one basic allegation, namely, Sellers misrepresented in the Seller Disclosure Statement that they were unaware of any leaks, backups or other problems relating to any of the plumbing, water, and sewage-related items.  Stated succinctly, Appellants maintain that Sellers' misrepresentation injured them by causing them unknowingly to purchase a home with significant sewage issues.

In terms of the timeliness of their various causes of action, Appellants invoke the discovery rule.  Regarding the discovery rule, our Supreme Court has explained that

---

* Retired Senior Judge assigned to the Superior Court.

when a court is presented with the assertion of the discovery rules application, it must address the ability of the damaged party, exercising reasonable diligence, to ascertain that he has been injured and by what cause. Since this question involves a factual determination as to whether a party was able, in the exercise of reasonable diligence, to know of his injury and its cause, ordinarily, a jury is to decide it. Where, however, reasonable minds would not differ in finding that a party knew or should have known on the exercise of reasonable diligence of his injury and its cause, the court determines that the discovery rule does not apply as a matter of law.

When the discovery rule applies, the statute of limitations does not commence to run at the instant that the right to institute suit arises, *i.e.*, when the injury occurs. Rather, the statute is tolled, and does not begin to run until the injured party discovers or reasonably should discover that he has been injured and that his injury has been caused by another party's conduct. Whether the statute of limitations has run on a claim is a question of law for the trial court to determine; but the question as to when a party's injury and its cause were discovered or discoverable is for the jury.

*Fine v. Checcio*, 870 A.2d 850, 858-59 (Pa. 2005) (citations omitted).

Furthermore, when we review an order granting a motion for judgment on the pleadings, "[w]e will affirm the grant of such a motion only when the moving party's right to succeed is certain and the case is so free from doubt that the trial would clearly be a fruitless exercise." *Erie Ins. Exchange v. Conley*, 29 A.3d 389, 391-92 (Pa. Super. 2011) (citation omitted).

Appellants and Sellers closed on the home on July 11, 2005. Appellants pled in their complaint that they experienced sewage backups in December of 2005 and July of 2009. They also plad that, in September of 2011, a plumber informed that, during the period of July of 2004 and March

of 2005, he had been to the property many times to snake out the sewer line.

A fact-finder could determine, as Sellers argue, that Appellants should have known through the exercise of due diligence of their injury and its cause when they experienced sewage backups in 2005 and 2009. I also believe that a fact-finder reasonably could conclude, as Appellants contend, that Appellants could not have known of Sellers alleged misrepresentations until the plumber informed them in September of 2011 that he had been to the home several times to address sewage-backup issues when Sellers lived at the property. If a fact-finder would agree with Sellers' argument, then the statute of limitations would bar Appellants' causes of action. If, however, a fact-finder would agree with Appellants' contention, then the statute of limitations would not time bar those causes of action.

In my view, reasonable minds could differ in finding when Appellants knew or should have known through the exercise of due diligence that Sellers allegedly misrepresented themselves in the Seller Disclosure Statement and that the misrepresentation injured Appellants. Because Sellers' right to succeed in this case is uncertain and the case is not free from doubt, I would reverse the order granting Sellers' motion for judgment on the pleadings.