J-A35029-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| AMPCO-PITTSBURGH CORPORATION, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| NEW HAMPSHIRE INSURANCE COMPANY AND ARGONAUT INSURANCE COMPANY, | |
| Appellees | No. 304 WDA 2014 |

Appeal from the Order January 23, 2014
In the Court of Common Pleas of Allegheny  County
Civil Division at No(s): GD 05-33193

BEFORE:  BENDER, P.J.E., BOWES, J., and ALLEN, J.

MEMORANDUM BY ALLEN, J.:                    **FILED JANUARY 13, 2015**

Ampco-Pittsburgh Corporation, ("Appellant"), appeals from the trial court's order entered on January 23, 2014, granting the motion for judgment on the pleadings filed by Argonaut Insurance, ("Argonaut"), regarding Appellant's second amended complaint.  Appellant further challenges the trial court's prior dismissal, with leave to amend, of Appellant's first amended complaint.  After careful consideration of the record and applicable jurisprudence, we affirm.

The trial court set forth the factual and procedural background of this action as follows:

> New Hampshire Insurance Company issued standard comprehensive general liability policies to [Appellant] for the period from April 1, 1975 to March 31, 1977.  Argonaut issued similar policies to [Appellant] for the period from April 1, 1977 to January 1, 1984.

Each of the policies includes a provision that the insurance company shall defend any suit against the insured seeking damages on account of property damage, even if any of the allegations of the suit are groundless, false, or fraudulent.

[Appellant] owned property in Bensalem, Pennsylvania, from 1964 through 1987. On November 12, 1987, Hussey acquired the property from [Appellant]. On November 24, 1987, Hussey sold a portion of this property to Beak.

In 1995, Hussey/Beak learned that the property was contaminated.

On November 25, 1997, Hussey/Beak instituted an action against [Appellant] in this court at GD-97-019331 through the filing of a writ. Subsequently, on or about November 21, 2001, Hussey/Beak filed a Complaint in which its damage claim included over $460,000 in cleanup activities, together with legal fees relating to a contamination investigation and negotiations, a diminution in value of the property, and consequential damages in connection with an anticipated sale of the property.

The Complaint contained two counts based on provisions of HSCA and a third count titled *Contractual Indemnification*.

The contractual indemnification claim is based on provisions within the sales agreement between Hussey and [Appellant] ("Sales Agreement") in which Hussey agreed to assume certain liabilities and obligations of [Appellant], and [Appellant] agreed to assume any liabilities not specifically assumed by the buyer.

To resolve the claims set forth in Hussey/Beak's lawsuit against [Appellant], the parties agreed to participate in binding common law arbitration. With one exception described below, the arbitrator, through an August 15, 2003 Award, agreed with [Appellant] that under the Sales Agreement, Hussey/Beak's claims against [Appellant] covered property damage and other losses that Hussey had agreed to assume (i.e., these were retained liabilities).

The one exception was the provision in the Sales Agreement (Article 1.4(c)) that the seller shall retain:

Any liabilities or obligations (or costs and expenses in connection therewith) to the extent that such liabilities or

obligations are covered by an insurer or insurance under a policy issued to, or for the benefit of, Seller.

The arbitrator stated: "The issues raised by Article 1.4(c) would remain open for further hearings and the presentation of evidence as to the application of, and scope of any insurance coverage."

In the present litigation, on December 22, 2005, the initial Complaint was filed. In this Complaint, Beak, Hussey, and [Appellant] were the plaintiffs; New Hampshire and Argonaut were the defendants.

This Complaint included a single count in which Beak, Hussey, and [Appellant] sought a declaration as to whether or not defendants' policies provided coverage to [Appellant] for the liabilities and obligations for the environmental conditions at the Bensalem facility which are the subject of claims made by Hussey. In this Complaint, Hussey alleged that the claims were covered by the New Hampshire and Argonaut policies. [Appellant] made no allegations as to whether or not there was coverage. [FN2: The apparent reason was that [Appellant] did not have a dog in this fight. If Hussey prevailed, the insurance companies would be liable. If the insurance companies prevailed, the arbitrator would find that [Appellant] had no obligations to Hussey.]

Subsequently, Beak and Hussey settled with New Hampshire and Argonaut so the only remaining plaintiff was [Appellant] which had not raised any allegation of coverage.

On June 20, 2012, [Appellant] filed an Amended Complaint for declaratory judgment. In its Complaint, [Appellant] was the only plaintiff; the Complaint named New Hampshire, Argonaut, Beak, and Hussey as the defendants. The Amended Complaint addressed only defense costs and policy limits. The only relief sought was a declaration that New Hampshire and Argonaut are obligated to pay [Appellant] the costs, including attorney fees, it incurred in connection with the claims that Beak has asserted against [Appellant], and a declaration that New Hampshire's settlement payment to Beak does not erode the policy limits under the policies New Hampshire issued to [Appellant].

[On December 6, 2012, in response to Argonaut's preliminary objections to Appellant's amended complaint, the trial court], dismissed both counts [of Appellant's amended

- 3 -

complaint], with leave to amend Count I (defense costs), because (1) a declaratory judgment cannot be brought where the claim is nothing more than a breach of contract, and (2) there was, at this time, no case or controversy regarding policy limits.

On January 1, 2013, [Appellant] filed its Second Amended Complaint which is the subject of the Motions for Judgment on the Pleadings [filed by Argonaut and New Hampshire][.] The Second Amended Complaint raises only a breach of contract claim against Argonaut and New Hampshire in which [Appellant] seeks defense costs incurred in the underlying action.

Trial Court Memorandum and Order, 1/23/14, at 1-4 (some footnotes omitted).

On January 23, 2014, the trial court granted Argonaut's motion for judgment on the pleadings. On February 4, 2014, Appellant filed a motion for reconsideration of the trial court's January 23, 2014 order. On February 12, 2014, the trial court denied Appellant's motion for reconsideration. On February 21, 2014, Appellant filed a praecipe to settle and discontinue the action as to New Hampshire Insurance Company only. On February 21, 2014, Appellant filed a notice of appeal. The trial court did not order Appellant compliance with Pa.R.A.P. 1925. On February 26, 2014, the trial court entered an order indicating that "pursuant to Pa.R.A.P. No. 1925(a), the reasons for my January 2[4], 2014 Order of Court are set forth in my Memorandum accompanying the Order of Court." Order, 2/26/14, at 1.

Appellant presents two issues for our consideration:

A. Whether the trial court erred in granting judgment on the pleadings to [Argonaut] based upon its conclusion that Appellant's claims against [Argonaut] did not relate back to

Appellant's original Complaint, and therefore were barred by the statute of limitations.

B. Whether the trial court erred in sustaining preliminary objections in the nature of a demurrer based upon its conclusion that Appellant could not assert a claim for declaratory judgment regarding the existence of the duty to defend.

Appellant's Brief at 7.

The following standard of review guides our analysis:

[A]ppellate review of a trial court's decision to grant or deny judgment on the pleadings is limited to determining whether the trial court committed an error of law or whether there were facts presented which warrant a jury trial. In conducting this review, we look only to the pleadings and any documents properly attached thereto. Judgment on the pleadings is proper only where the pleadings evidence that there are no material facts in dispute such that a trial by jury would be unnecessary.

In passing on a challenge to the sustaining of a motion for judgment on the pleadings, our standard of review is limited. We must accept as true all well pleaded statements of fact of the party against whom the motion is granted and consider against him only those facts that he specifically admits. We will affirm the grant of such a motion only when the moving party's right to succeed is certain and the case is so free from doubt that the trial would clearly be a fruitless exercise.

*Erie Ins. Exchange v. Conley,* 29 A.3d 389, 391-392 (Pa. Super. 2011)

(internal citation omitted).

Appellant contends:

In each of [Appellant's] three Complaints in this Action, [Appellant] asserts the same cause of action. Specifically, [Appellant] asserts that:

[Appellant] maintained comprehensive general liability (CGL) policies with New Hampshire and Argonaut. Original

- 5 -

Complaint, ¶ 18; First Amended Complaint at ¶ 19; Second Amended Complaint at ¶ 5 (R. 13a; R. 207a; R. 497a);

Argonaut issued CGL policies providing coverage to [Appellant] from 4/1/1977 to 1/1/1984, including the following.... Original Complaint, ¶ 20; First Amended Complaint at ¶ 21; Second Amended Complaint at ¶ 7 (R. 14a; R. 208a; R. 497a);

After receiving notice of Hussey Marine's claims as described above, on February 7, 1997, [Appellant] notified Argonaut and New Hampshire of Hussey Marine's claims. Original Complaint ¶ 22; First Amended Complaint at ¶ 23; Second Amended Complaint at ¶ 23 (R. 14a; R. 208a; R. 499a);

Argonaut did not respond to [Appellant's] notice of Hussey Marine's claims in 1997. Original Complaint ¶ 23; First Amended Complaint at ¶ 24; Second Amended Complaint at ¶ 27 (R. 14a; R. 208a; R. 500a);

On May 12, 2004, [Appellant] requested a coverage determination from Argonaut concerning the Bensalem facility. Original Complaint IT 27; First Amended Complaint at ¶ 28; Second Amended Complaint at ¶ 28 (R. 15a; R. 209a; R. 500a);

By letter dated June 22, 2004, Argonaut confirmed the issuance of the above-referenced policies to [Appellant] and informed [Appellant] that "Argonaut must respectfully deny coverage...." Original Complaint, ¶ 28; First Amended Complaint at ¶ 29; Second Amended Complaint at ¶ 29 (R. 15a; R. 209a, and R. 500a); and

[Appellant] is seeking court adjudication of certain rights and obligations of Argonaut and [Appellant] under the Policies. Original Complaint at ¶ 33-34; First Amended Complaint at ¶¶ 47, 55; Second Amended Complaint at ¶¶ 46-47 (R. 16a; R. 211a-212a; R. 501a-502a).

These facts establish the existence of the contracts between [Appellant] and Argonaut, the fact that [Appellant] sought to enforce its rights under the contracts, and the fact that Argonaut refused to perform its obligations under the contracts. Regardless of whether [Appellant's] claim is styled as one for breach of contract or one for declaratory judgment, the facts and

thus the cause of action underpinning [Appellant's] claim remained unchanged since originally pleaded in 2005.

Appellant's Brief at 19-21.

The trial court disagreed with Appellant's contention that its pleadings have remained unchanged since the inception of their action. Specifically, the trial court determined:

> I am granting Argonaut's Motion for Judgment on the Pleadings based on its statute of limitations defense.
>
> On June 22, 2004, Argonaut denied coverage. A breach of contract claim is governed by a four-year limitation period. [Appellant] never raised a claim in this proceeding that Argonaut breached any obligations owed to [Appellant] under the Argonaut policies until it filed its Amended Complaint on June 20, 2012. This was almost eight years after Argonaut advised [Appellant] that it was denying coverage.
>
> Claims that the denial of coverage on June 22, 2004 constituted a breach of Argonaut's contractual obligations owed to [Appellant] were not raised in the initial Complaint. See ¶ 30 of the initial Complaint which reads as follows:
>
> 30. Hussey Marine contends that the Insurance Policies provide coverage to [Appellant] for the liabilities and obligations for the environmental conditions at the Bensalem facility which are the subject of the claims made by Hussey Marine, and that Hussey Marine is entitled to the proceeds.
>
> Nowhere in the initial Complaint does [Appellant] claim that the New Hampshire and/or Argonaut insurance policies provide coverage to [Appellant] for the liabilities and obligations arising out of the environmental conditions at the Bensalem facility.
>
> If the [2012] Amended Complaint was, instead, the initial Complaint, the Complaint would be dismissed because the claims raised in this Complaint had to be filed within four years of the denial of coverage. The fact that the initial Complaint was filed within four years of the denial of coverage does not change the merits of the statute of limitations defense since the initial

Complaint did not raise any claims raised by [Appellant] that Argonaut breached contractual obligations owed to [Appellant].

Furthermore, in the initial Complaint, the declaratory relief that was sought was a declaration as to whether the New Hampshire and Argonaut policies provided coverage to [Appellant] for the liabilities and obligations arising out of the environmental conditions at the Bensalem facility. In the Amended Complaint and Second Amended Complaint, [Appellant] did not seek a declaration regarding coverage but, instead, sought costs of defense from New Hampshire and Argonaut.

Trial Court Memorandum and Order, 1/23/14, at 4-5.

We have explained:

Amendments to pleadings are permitted at any time, including before, during and after trial. PA.R.C.P., Rule 1033, 42 PA. Cons. Stat. Ann.; *Winterhalter v. West Penn Power Co.,* 355 Pa.Super. 17, 512 A.2d 1187, 1189 (1986). In discussing Rule 1033, this Court has stated:

Although no absolute right to amend exists, the courts of this Commonwealth have liberally construed the principle embodied in this rule. Consequently, courts have allowed amendments of pleadings *at any time,* as provided by the specific language of this statute.

*Id.* at 1189 (emphasis in original). Leave to amend pleadings is to be liberally granted. *Stalsitz v. Allentown Hospital,* 814 A.2d 766, 776 (Pa. Super. 2002), *appeal denied,* 578 Pa. 717, 854 A.2d 968 (2004). **A party is to be given leave to amend its pleadings when allowing the amendment will not unduly prejudice or surprise the adverse party**. *Somerset Community Hosp. v. Allan B. Mitchell & Associates, Inc.,* 454 Pa.Super. 188, 685 A.2d 141, 147 (1996). Undue prejudice in this analysis has been defined as something more than a detriment to the other party, as any amendment would likely have the effect of harming the adverse party's interests. The policy underlying this rule of liberal leave to amend is to insure that parties get to have their cases decided on the substantive case presented, and not on legal formalities. *Laursen v. General Hospital of Monroe County,* 494 Pa. 238, 244, 431 A.2d 237, 240 (1981); *Gallo v. Yamaha Motor Corp., U.S.A.,* 335 Pa.Super. 311, 484 A.2d 148, 150 (1984).

However, "**[a]n amendment introducing a new cause of action will not be permitted after the Statute of Limitations has run in favor of a defendant**." *Stalsitz,* 814 A.2d at 776 (citation omitted). Only if the proposed amendment merely amplifies, as opposed to altering, the cause of action already averred, will it be allowed if the statute of limitations has run. *Id.*

\*\*\*

A new cause of action does arise, however, if the amendment proposes a different theory or a different kind of negligence than the one previously raised *or if the operative facts supporting the claim are changed.* 2B Anderson Pennsylvania Civil Practice, §§ 1033.28 and 1033.31.

[*Reynolds v. Thomas Jefferson University Hospital,*], 676 A.2d [1205,] 1210 [Pa. Super. 1996] (quotation omitted) (emphasis in original).

*Chaney v. Meadville Medical Center,* 912 A.2d 300, 303-304 (Pa. Super. 2006) (emphasis supplied).

"Amendments adding new causes of action after the statutes of limitations have run are prejudicial to defendants because they subject them to claims without permitting them to raise the statute of limitations defense, which would otherwise be available to them." *Department of Transportation v. Pennsylvania Insdustries for Blind and Handicapped,* 886 A.2d 706, 715 n.14 (Pa.Cmwlth. 2005) (allowing an amendment after the expiration of the statute of limitations where plaintiff "has pursued the same legal theory since inception of this litigation" and the "amendment did not introduce a new legal theory") *citing Hodgen v. Summers,* 555 A.2d 214, 216 (Pa. 1989).

In **Hodgen,** we observed:

> **"In determining whether a wholly different cause of action is introduced by the amendment, technical considerations or ancient formulae are not controlling; nothing more is meant than that the defendant shall not be required to answer a wholly different legal liability or obligation from that originally stated.** The test is not whether, under technical rules of pleading, a new cause of action is introduced, but rather, the test is whether an attempt is made to state facts which give rise to a wholly distinct and different legal obligation against the defendant." 61A Am.Jur.2d Pleading § 322. "**The tests to be applied when the question presented is whether an amended [complaint] presents a new and different cause of action are, would a judgment bar any further action on either, does the same measure of damages support both, is the same defense open in each, and is the same measure of proof required?**" *Sanchez v. City of Philadelphia, supra* at 187, 448 A.2d at 589-590, quoting *Saracina v. Cotoia,* 417 Pa. 80, 85, 208 A.2d 764, 767 (1965).

**Hodgen,** 555 A.2d at 215 (emphasis supplied).

We find that Appellant's second amended complaint introduced a new cause of action. Obtaining a judgment in the declaratory action would not have barred Appellant from pursuing a timely breach of contract action. Indeed, the Declaratory Judgments Act specifically allows for a declaration to be sought even before a contract has been breached. *See* 42 Pa.C.S.A. § 7533 ("Any person interested under a … written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a … contract … may have determined any question of construction or validity arising under the … contract, … and obtain a declaration of rights, status, or other legal relations thereunder"); § 7534

- 10 -

("A contract may be construed either before or after there has been a breach thereof.").

Moreover, Appellant's second amended complaint challenging Argonaut's failure to pay for Appellant's defense costs incurred in the underlying action implicated different elements, measure of damages and proof, and defenses than the coverage issue raised in the original complaint. *See American and Foreign Ins. Co. v. Jerry's Sport Center, Inc.,* 948 A.2d 834, 845 (Pa. Super. 2008) ("The duty to defend [an insured] is a distinct obligation, separate and apart from the insurer's duty to provide coverage … [and] [i]n order to determine whether a claim may potentially come within the coverage of the policy, we must first ascertain the scope of the insurance coverage and then analyze the allegations in the complaint."); *see also Erie Ins. Exchange v. Claypoole,* 673 A.2d 348, 355-356 (Pa. Super. 1996) (*en banc)* (internal citations omitted) ("It is well established that the duty to defend and pay the costs of defense is broader than the duty to indemnify [an insured].  This duty to defend, however, is not activated by every allegation raised against the insured.  The nature of the allegations themselves, not the details surrounding the injuries suffered, are the basis upon which the insurer's duty to defend the insured arises.  Thus, only allegations contained within the underlying complaint pertaining to injuries which are either actually or potentially within the scope of the insurance policy obligate the insurer to defend the insured.").

Therefore, while Appellant contends that "as long as all material facts upon which [Appellant] bases its Second Amended Complaint are also found in the Original Complaint, the Second Amended Complaint will relate back to the Original Complaint," our established jurisprudence refutes Appellant's contention; undue prejudice or surprise resulting from an amendment following an expired limitation, and the introduction of a new cause of action where the amendment following the limitation period "proposes a different theory … than the one previously" raised, will serve to bar an amendment. Appellant's Brief at 18; *Chaney,* 912 A.2d at 303-304.

Here, accepting all of the factual allegations within Appellant's second amended complaint as true, and considering against Appellant only those facts which Appellant admits, it is clear and free from doubt that Appellant's action is untimely, such that Argonaut is entitled to judgment. Appellant's breach of contract claim against Argonaut based on Argonaut's denial of coverage is governed by a four-year statute of limitations. *See* 42 Pa.C.S. § 5525. We have explained that "[t]he purpose of [statute of] limitation periods is to expedite litigation and thus discourage delay and the presentation of stale claims which may greatly prejudice the defense of such claims. In light of the important purpose served by limitations periods, this Court has held that statutes of limitation are to be strictly construed." *Wachovia Bank, N.A. v. Ferretti,* 935 A.2d 565, 575 (Pa. Super. 2007) (internal citation omitted). Argonaut denied coverage to Appellant on June 22, 2004. Accordingly, Appellant had until June 22, 2008 to initiate a breach

of contract action against Argonaut. Appellant's 2013 second amended complaint asserting a breach of the insurance contract is therefore time barred.

A fair reading of the original declaratory judgment action does not reflect an assertion by Appellant of the cause of action Appellant raises against Argonaut in its second amended complaint. We are not persuaded that Appellant's second amended complaint was merely amplifying, as opposed to altering, the original action. Rather, we find that Appellant's second amended complaint presented a new cause of action against Argonaut. We therefore find that the trial court did not err in granting Argonaut's motion for judgment on the pleadings.

Appellant's second issue challenges the trial court's December 6, 2012 order sustaining the preliminary objections filed by Argonaut to Count I of Appellant's first amended complaint which sought defense costs Appellant incurred in defending the underlying action. Appellant argues that the trial court erred in holding "that a claim for declaratory judgment is not an appropriate vehicle for adjudicating an insurer's defense obligations", and in stating "[w]e don't use declaratory judgments when there is — a contract action will answer everything." Appellant's Brief at 24. We disagree.

> A declaratory judgment is not obtainable as a matter of right. Whether a trial court should exercise jurisdiction over a declaratory judgment action is a matter of sound judicial discretion. *American Nuclear Insurers v. Metro. Edison Co.,* 399 Pa. Super. 375, 582 A.2d 390, 393 (1990); *see* 42 Pa.C.S.A. § 7537.

- 13 -

*Osram Sylvania Products, Inc. v. Comsup Commodities, Inc.,* 845 A.2d 846, 848 (Pa. Super. 2004). Discerning no abuse of discretion in the trial court's determination that Appellant's action should be in assumpsit rather than for declaratory relief, we find that Appellant's second issue fails.

Further, we are mindful that in reviewing a trial court's order sustaining preliminary objections, our standard of review "is to determine whether the trial court committed an error of law." *Feingold v. Hendrzak, et al.*, 15 A.3d 937, 941 (Pa. Super. 2011). We recognize:

> Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases which it is clear and free of doubt that the pleader will be unable to prove facts legally sufficient to establish the right of relief. If any doubts exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*Id. citing Haun v Community Health Systems, Inc.*, 14 A.3d 120, 123 (Pa. Super. 2011).

We have explained that "a cause of action for a declaratory judgment does not arise or accrue until an 'actual controversy' exists[,] … [and that an] 'actual controversy' surrounding the interpretation of [an] insurance policy … did not arise until [the insurance company defendant] denied appellant's request for coverage." *Zourelias v. Erie Insurance Group,* 691 A.2d 963, 964 (Pa. Super. 1997). We further expressed that "the

statute of limitations for a declaratory judgment action is four years." ***Id.*** Here, Appellant's 2012 first amended complaint, seeking for the first time declaratory relief under Count I for defense costs Appellant incurred in the underlying action, was untimely because it was not raised on or before June 22, 2008, four years after Argonaut denied coverage. Moreover, based on our discussion ***supra****,* to the extent that Appellant's claim for defense costs was a claim that Argonaut breached its contractual obligation to pay for such costs, Appellant's first amended complaint was barred as untimely, such that the trial court did not err in dismissing Appellant's 2012 first amended complaint. Appellant's challenge to the trial court's dismissal of Appellant's first amended complaint is unavailing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/13/2015