J-A03019-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| WELLS FARGO BANK, N.A., AS THE TRUSTEE FOR THE REGISTERED HOLDERS OF THE GE BUSINESS LOAN TRUST CERTIFICATES, SERIES 2005-2 | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PREMIER HOTELS GROUP, LLC | |
| Appellant | No. 941 MDA 2016 |

Appeal from the Order Entered May 10, 2016
In the Court of Common Pleas of Lackawanna County
Civil Division at No(s): 2015-05776

BEFORE: LAZARUS, J., STABILE, J., and DUBOW, J.

DISSENTING MEMORANDUM BY LAZARUS, J.:          **FILED JULY 10, 2017**

I respectfully dissent. The absence of a Rule 1925(a) opinion addressing Premier's issues on appeal is neither fatal to our review nor necessary for quashal or dismissal, and thus, we need not remand to the trial court for the preparation of such.

A proper grant of summary judgment depends upon an evidentiary record that either: (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a [prima facie] cause of action or defense. **See Creazzo v. Medtronic, Inc.**, 903 A.2d 24, 28 (Pa. Super. 2006). On appeal from a grant of summary judgment, the issue of whether there are genuine disputes of material fact presents a question of law, reviewed de novo; appellate scope of review, to the extent necessary to

resolve the legal question, is plenary. *Toy v. Metropolitan Life Ins. Co.*, 928 A.2d 186 (Pa. Super. 2007). Further, the meaning of an unambiguous written instrument presents a question of law for resolution by the court, and is subject to de novo review. *See Seven Springs Farm, Inc. v. Croker*, 801 A.2d 1212, n.1 (Pa. Super. 2002).

Here, Wells Fargo avers that "*there exist[s] a valid promissory note signed by the maker*; (2) there remains a balance due on the [promissory note]; and (3) demand on [Premier] for payment has been made and refused, leaving [Premier] in default." Brief of Appellee, at 10 (emphasis added). Premier does not dispute that it is a signatory to the promissory note or that it is in default, and thus, it has not raised a genuine dispute of a material fact.[1]

Accordingly, the absence of a Rule 1925(a) opinion does not preclude our review of the record, which contains the unambiguous promissory note at issue.[2] Therefore, if we deem it appropriate to reach the merits of

_____

[1] Premier's claims on appeal suggest that a separate, albeit related, federal foreclosure action that was settled prior to the commencement of the instant action, creates a genuine issue of material fact. However, Premier does not contest the existence of a valid promissory note, the balance on the note, or that it is in default.

[2] The Promissory Note provides in relevant part:

> Premier Hotels Group LLC ("Borrower") promises to pay to General Electric Capital Corporation ("Lender"), or order, in lawful money of the United States of America, the principal amount of Four Million Four Hundred Thousand & 00/100 Dollars

*(Footnote Continued Next Page)*

- 2 -

Premier's claim, we need not rely on the reasoned basis provided by the trial court in a Rule 1925(a) opinion; this would be true even if the trial court had filed a Rule 1925(a) opinion. ***See Cooke v. Equitable Life Assur. Soc.***, 723 A.2d 723 (Pa. Super. 1993) (reasoning of trial court was not crucial to determination of interpretation of written instrument where trial court failed to comply with Rule 1925(a)).[3]

---

*(Footnote Continued)* ─────────

($4,400,000.00) together with interest on the unpaid balance from September 26, 2005, until paid in full.

Promissory Note, 9/26/05, at 1. ***See Erie Ins. Exchange v. Conley***, 29 A.3d 389 (Pa. Super. 2011) (courts must give meaning to clear and unambiguous contract provisions unless to do so would be contrary to clearly expressed public policy).

[3] It is also well within our power to *sua sponte* quash and/or dismiss Premier's appeal without remanding this matter to the trial court if we find its claims on appeal are meritless, waived and/or commit legal error. ***See*** Pa.R.A.P. Rule 2101.